(109 So. 764)

No. 26683.

**BATALLION WASHINGTON ARTILLERY v. JOSEPH SCHWARTZ CO., Inc.**

(June 28, 1926.    Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

Landlord and tenant ⚖➡80(2)—Lessee subleasing part of building for use in same business similar to his own held not liable to lessor for increased insurance rates.

Where lease of building to be used in carrying on automobile and carriage business provided that, should lessee use premises for any other purpose which might increase fire insurance rates, he should be liable for such increased rate, *held* subleasing of part of building for use as garage conducted exactly as lessee's business did not entitle lessor to recover increased insurance rates.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Action by the Batallion Washington Artillery against the Joseph Schwartz Company, Inc. Judgment for plaintiff, and defendant appeals. Judgment set aside, and plaintiff's demand rejected as in case of nonsuit.

Dart & Dart, of New Orleans, for appellant.

W. O. Hart, of New Orleans, for appellee.

THOMPSON, J. The plaintiff, on July 8, 1919, leased to the defendant the ground floor of the building No. 737 St. Charles street running through to Carondolet street, between Girod and Julia streets. The lease was for a term of 120 months commencing October 1, 1919. The lease price was $625 per month, for. which the lessee executed notes in favor of the lessor.

The purpose for which the leased premises were to be used, as expressed in the lease, was to carry on an automobile and carriage business as was then being conducted by the lessee.

The lessee was given the right and privilege of subleasing the premises either in whole or in part during the life of the lease.

It was provided that, should the lessee at any time choose to use all or part of the leased premises for any other purpose which may increase the rate of fire insurance, the lessee was to pay such increased rate.

On September 14, 1922, Schwartz & Co. sublet to the Mossler Motor Company, Inc., a part of the leased premises, being the ground floor and appurtenances No. 729 St. Charles street between Julia and Girod streets. This sublease was for a term of 84 months commencing October 1, 1922. The

price was fixed at $350 per month. The premises were to be used for a general automobile business.

On March 1, 1923, the plaintiff presented to Schwartz & Co. a bill for $2,362.50 claimed as "excess rate of insurance caused by occupancy of the building as per lease"; the excess being 4½ per cent. on various policies aggregating $52,500.

On April 1, 1923, another bill was presented defendant for $1,012.50, being an excess rate of 4½ per cent. on various policies aggregating $22,500.

The bills were not paid, and this suit is to recover the said two amounts.

The liability for the excess rate of insurance is predicated on the allegation that the defendant had sublet a part of the premises to a subtenant who was carrying on an automobile and garage business which caused the increase of the rate plaintiff was paying at the time the lease was made to defendant.

The defendant answered, denying any liability for any increased rate, admitted that it had subleased a part of the premises to the Mossler Motor Company to be used for the purpose of a general automobile business, but alleged that, if any increased rate had thereby been incurred, the said sublessee was responsible therefor.

The Mossler Motor Company was called in to defend the suit, and before answering filed an exception of no cause of action. This exception was sustained, and the call in warranty was dismissed.

On a trial on the merits judgment was rendered in favor of the plaintiff for the full amount claimed, less $750 which had been remitted by the plaintiff during the trial.

Our appreciation of the evidence in the record has led us to the conclusion that the plaintiff has failed to make out its case.

The evidence shows that, when the premises were occupied as an armory and for amusement and school purposes, the rate on a three-year basis was 3 per cent., and this rate was applied on all policies issued prior to February, 1923.

When the automobile business was added, the rate was increased to 6½ per cent., and it is claimed that the renewal policies were issued on that rate.

It does not appear, however, that any demand prior to March 1, 1923, for the increased rate had been made on the defendant.

The defendant was conducting an automobile business at the time the lease was made, July 8, 1919, and that lease expressly authorized the use of the premises for "carrying on an automobile and carriage business such as is now being conducted by the lessee."

It is not pretended that any change of business by the defendant Schwartz & Co. caused the increase in the rates of insurance, nor is there any claim made for any increase of rate prior to the sublease to the Mossler Motor Company.

The plaintiff bases its right of action solely on the fact that the increased rate demanded was due to the fact that the sublessee was conducting an automobile garage.

Now the fact is, so far as the evidence shows, that the defendant, Schwartz & Co., was conducting the same kind of business when this increased rate was demanded as was being carried on when the plaintiff granted the lease of the premises for use in the automobile and carriage business.

And the automobile business carried on by the Mossler Motor Company was the same as that carried on by Schwartz & Co.

Mr. Jacques Mossler, president of the Mossler Motor Company was asked in what way Schwartz & Co. conducted the automobile end of the business in the Washington Artillery Hall, and he answered:

"They conducted their automobile business exactly in the same way that we conduct our automobile business at the present time."

The evidence of this witness was not contradicted.

It thus appears beyond a doubt that the claim that the increased rate was caused by the sublessee is not sustained by the evidence, and hence the plaintiff is not entitled to recover in this suit.

Moreover, it appears that the plaintiff has not paid the said increased rate, and the payment thereof depends on its recovery of the amount from the defendant.

For the reasons assigned, the judgment is set aside, and the demand of the plaintiff is rejected as in case of nonsuit, with all costs taxed against the plaintiff.