ANNIE HAGOPIAN, Plaintiff, v. ALFRED BRANDON, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, October 7, 1952.

*Dicran Simsarian* for plaintiff.

*Alfred Brandon,* defendant in person.

BENNETT, J. This is an action brought by the plaintiff, the defendant's landlord, to recover the sum of $1,098.30, which said amount the plaintiff claims is due her pursuant to the terms of a written lease between the parties.

The afore-mentioned lease contains the provision that the premises, consisting of a store, were to be used and occupied only for the manufacture of folding chairs of wood and metal.

Paragraph " 19th " of the said lease further provides as follows: " That the tenant will not nor will the Tenant permit undertenants or other persons to do anything in said premises, or bring anything into said premises, or permit anything to be brought into said premises or to be kept therein, which will in any way increase the rate of fire insurance on said demised premises, nor use the demised premises or any part thereof, nor suffer or permit their use for any business or purpose which would cause an increase in the rate of fire insurance on said building, and the Tenant agrees to pay on demand any such increase."

It is undisputed that by reason of the premises being used for manufacturing purposes, the insurance on the building was rerated and the plaintiff thereupon was required to pay the said sum of $1,098.30 in increased premiums.

The sole issue is whether the defendant, under the conditions and covenants of paragraph " 19th ", above set forth, is liable for the said increase.

The evidence was clear that the defendant did not in any respect operate his business in any manner other than that provided in the lease.

In the case of *Ressnick* v. *Zucker* (Index No. 4124-1949, Municipal Ct. of City of New York, Borough of The Bronx, 2d Dist.) a similar question was involved and was decided on the authority of *Simms* v. *Municipal Haulage Co.* (N. Y. L. J., June 10, 1949, p. 2077, col. 2) wherein the Appellate Term of the Supreme Court, First Department, held as follows: " The insurance rate was based upon a use of the premises permitted by the landlord. In fact the purposes for which the defendant used and occupied the demised premises were strictly in conformity with the terms of the lease. Hence the increase in the insurance rate was not due to any act on defendant's part which was inconsistent with his rights under the lease."

To the same effect is the decision of the Appellate Term of the Supreme Court, Second Department, in the case of *Burton* v. *Freiberg* (N. Y. L. J., Oct. 21, 1949, p. 942, col. 6): " Under the express provisions of the covenant in question the tenant is to be liable for an increase in the fire insurance rate only if such increase is caused by an act on his part. There is no evidence that he violated any of the conditions of the said covenant ".

The same finding was made by the said appellate court in *Wanetick* v. *Padron* (72 N. Y. S. 2d 58).

It is evident from the foregoing that had the plaintiff desired to protect herself from the possibility of being required to pay any increased insurance premiums because of the nature of the business which the lease contemplated would be carried on in the premises, a simple provision to that effect could have been incorporated in the agreement. (*St. Regis Restaurant* v. *Powers,* 219 App. Div. 321.) In the absence of such provision the plaintiff cannot prevail.

Judgment for defendant, dismissing the complaint on the merits.