Opinion
JENSEN, J.
This is an appeal by a lessor from a judgment in an unlawful detainer action.
Facts
Appellant leased the first floor of a hotel to respondent for the purpose of operating a bargain center and any use incidental thereto. Respondent agreed to comply with all laws and to not alter the premises without the lessor’s consent. Although the lessee agreed to procure his own policy of public liability insurance, the lease did not require the lessee to pay any part of the lessor’s insurance on the hotel. However, paragraph 6 of the lease provided: “Insurance Hazards: No use shall be made or permitted to be made of the said premises, nor acts done, which will increase the existing rate of insurance upon the building in which the said premises may be located, or cause a cancellation of any insurance policy covering said building, or any part thereof, nor shall lessee sell, or permit to be kept, used or sold, in or about said premises, any article which may be prohibited by the standard form of fire insurance policies. Lessee shall, at his sole cost and expense, comply with any and all requirements, pertaining to said premises, of any insurance organization or company, necessary for the maintenance of reasonable fire and public liability insurance, covering said building and appurtenances.”
In August 1976, the lessor’s liability insurance was cancelled because the insurance industry had determined that the combination of a hotel above a furniture store created a “high risk potential.” As a result, appellant was required to obtain a new high risk liability and property *Supp. 17 damage policy. The premiums were substantially larger than those previously charged.
In December 1977, appellant lessor filed an unlawful detainer action claiming that respondent had breached paragraph 6 of the lease. The trial court concluded that respondent had not breached any covenant in the lease. The judgment entered for respondent included an award of attorney’s fees in accordance with paragraph 25 of the lease.
Issue Presented
When the lessee uses premises in a manner authorized by the lease, can the lessor terminate the lease when the lessor’s insurance is cancelled and he is forced to secure more expensive insurance?
Discussion
I
Appellant first contends that respondent lessee violated paragraph 6 of the lease. We disagree.
We must interpret the lease in accordance with generally accepted canons of interpretation so that the purpose of the lease can be given effect (Parsons v. Bristol Development Co. (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839]; Eltinge & Graziadio Development Co. v. Childs (1975) 49 Cal.App.3d 294, 297-298 [122 Cal.Rptr. 369]).
Respondent was using the first floor as a bargain center, the use expressly permitted by the lease. While respondent was obliged to comply with certain requirements imposed by the insurance company, there is nothing before us to indicate that he failed to do so.
While paragraph 6 prohibited respondent from making any use of the premises which would increase the existing rate of insurance on the building, the only reasonable interpretation of that provision is that respondent would not be permitted to make a different use of the premises.
Our conclusion is fortified by decisions from other jurisdictions. In Simms v. Municipal Haulage (Sup. 1949) 116 N.Y.S.2d 92, the court said: “The insurance rate was based upon use of the premises permitted by the landlord. In fact, the purposes for which defendant used and occupied *Supp. 18 the demised premises were strictly in conformity with the terms of the lease. Hence, the increase in the insurance rate was not due to any act on the defendant’s part which was inconsistent with his rights under the lease.”
In Hagopian v. Brandon (1952) 203 Misc. 570 [116 N.Y.S.2d 799], the lessee covenanted that he would not use the premises for any purpose which would cause the fire insurance to increase. The court concluded that the lessor could not recover the increased fire insurance premiums inasmuch as the lessee had operated his business in conformity with the use permitted by the lease. The court stated that if the lessor “. . . desired to protect herself from the possibility of being required to pay any increased insurance' premiums because of the nature of the business which the lease contemplated, a simple provision to that effect could have been incorporated in the agreement.” (Id., at p. 801.)
In Mark Steel Corporation v. EIMCO Corporation (Utah 1976) 548 P.2d 892, the lessor’s insurance was cancelled and it was compelled to secure other insurance at a higher rate. The court held that the lessee was not responsible for the increase. The court reasoned that the lessee would be responsible for increased premiums only if the increase was caused by some unauthorized use of the premises, and not for some use expressly authorized by the lease. It said: “It would be an anomaly to hold that the use to which'the parties agreed the building could be put constituted a breach of the same agreement.” {Id., at p. 894.)
Other decisions are in accord (see Batalion Washington Artillery v. Joseph Schwartz Co. (1926) 161 La. 925 [109 So. 764] (both the lessee and sublessee conducted their business in the same manner); Burton v. Freiberg (Sup. 1949) 116 N.Y.S.2d 201 (increase caused by a general revision of rates in New York City); Kenneth Estates, Inc. v. Edelman (Sup. 1963) 237 N.Y.S.2d 987 (increase in insurance rate was not due to any act of the tenant which was inconsistent with his rights under the lease)).
We agree with the reasoning of these cases. Paragraph 6 of the lease applies only when the lessee makes a different or unauthorized use of the premises, and not when he used the premises in conformity with the use expressly authorized by the lease itself. Therefore, where the lessee was not obliged to pay any part of the lessor’s increased premiums,[1] the lease *Supp. 19 could not be cancelled because the insurance on the entire hotel was cancelled and the lessor was then compelled to secure more expensive insurance.
II
We also conclude that the doctrine of commercial frustration did not afford grounds for terminating this lease.
First, it is elementary that a person may not escape from a voluntarily assumed contractual obligation merely because performance becomes somewhat more expensive when a foreseeable event occurs (Lloyd v. Murphy (1944) 25 Cal.2d 48, 52-55 [153 P.2d 47]; Goldv. Salem Lutheran Home Assn. (1953) 53 Cal.2d 289, 291 [1 Cal.Rptr. 343, 347 P.2d 687]; Glenn R. Sewell Sheet Metal, Inc. v. Loverde (1969) 70 Cal.2d 666, 676-677, fn. 13 [75 Cal.Rptr. 889, 451 P.2d 721]; Ellison v. City of San Buenaventura (1975) 48 Cal.App.3d 952, 962 [122 Cal.Rptr. 167]; Rest., Contracts. § 467). Although the lease expressly recognized that the lessor’s insurance might increase, the lessor did not require the lessee to pay any part of this increase. Because the increase was foreseeable, the doctrine of commercial frustration was inapplicable (see also Hagopian v. Brandon, supra, 116 N.Y.S.2d 799, 801).
Second, this is a judgment roll appeal. Hence, under well settled rules of appellate review (see Wheelright v. County of Marin (1972) 2 Cal.3d 448, 454 [85 Cal.Rptr. 809, 467 P.2d 537]), we must presume that appellant failed to meet his burden of proving 1) that the increase was not foreseeable and 2) that the increased cost of insurance on the entire hotel itself destroyed the value of the lease on the first floor (see Lloyd v. Murphy, supra, 25 Cal.2d 48, 52-55; Glenn R. Sewell Sheet Metal, Inc. v. Loverde, supra, 70 Cal.2d 666, 676-677, fn. 13).
III
The lease authorizes an award of attorney’s fees to the prevailing party. Although we could grant respondent’s request, and make an allowance for attorney’s fees on appeal, the better practice is to remand the cause to the trial court for the determination of such fees (Schoolcraft v. Ross (1978) 81 Cal.App.3d 75, 82 [146 Cal.Rptr. 57]; Vitek, Inc. v. Alvarado Ice Palace, Inc. (1973) 34 Cal.App.3d 586, 595 [110 Cal.Rptr. 86]).
*Supp. 20 Disposition
The judgment is affirmed and the cause is remanded with directions to the trial court to determine a reasonable attorney’s fees for all services performed on appeal by counsel for respondent, and to add that fee to the judgment. Such determination can be made on motion after the remittitur is filed.
Respondent may recover his costs on appeal.
Stevens, P. J., and Rickard, J„ concurred.

Where the lease so provides, the tenant may be liable for increased insurance (see 30 A.L.R.2d 489). The increased cost may be prorated where there are several lessees (see Bennardo v. de Hiltehranth (1975) 82 Misc.2d 146 [368 N.Y.S.2d 671]).