*Supp. 15 Opinion
STEVENS, P. J.
This is an appeal by a landlord from a judgment in an unlawful detainer action. The issue is whether the defense of “retaliatory eviction” can be established by proof that the lessee previously complained to the landlord concerning the tenantability of the premises, where he did not make a like claim to a governmental entity.
Facts
In 1976 appellant leased an apartment to respondents. The lease provided that the lessor would be entitled to attorney fees if he was compelled to commence legal action to dispossess the tenants. The lease further provided that all terms of the lease, with the sole exception of the rent reserved, would remain in full force and effect if the lessee remained in possession after the term expired, with the consent of the lessor, expressed or implied.
After the expiration of the one-year period, the lessees remained in possession of the premises. On March 2, 1980, the lessees received a notice of a rent increase. One of the lessees called the lessor, agreed to pay the increased rent, and asked that some repairs be made to the premises. No repairs were made by either the lessees or the lessor, and no complaint was made by the lessees concerning the “tenantability” of the dwelling to a governmental entity.
The relationship deteriorated, and on April 9, 1980, the lessees were served with a 30-day notice to quit. The lessees refused to do so, and the lessor filed an unlawful detainer action, the lessees filed a general denial, and several affirmative defenses, including the defense that the unlawful detainer action was brought in retaliation for the lessees exercise of their rights to complain about the tenantability of the premises, “in violation of Civil Code Section 1942.5(a).”
By a motion for judgment on the pleadings, and in a motion in limine at trial, the lessor contended that the “retaliatory eviction” defense was without merit because no claim was made to a governmental entity. Each motion was denied. The trial judge instructed that a landlord could not evict for an improper purpose, including retaliation for the tenants’ complaint to him regarding the tenantability of the premises. In order to establish this defense, the jury was instructed that the lessee must prove that the landlord’s dominant purpose in serving the 30-day *Supp. 16 notice, and in filing the unlawful detainer action, was to retaliate against the lessee for having previously complained about the tenant-ability of the premises.
The jury specifically found that the landlord’s purpose was to retaliate against the lessees by reason of their prior complaint. As the lessees prevailed, they submitted a claim for $1,072.90 for attorney fees, as part of their cost bill.
Discussion
I
It is now well settled that the tenants’ duty to pay rent is mutually dependent upon the landlord’s fulfillment of his implied warranty of habitability (Green v. Superior Court (1974) 10 Cal.3d 616, 635 [111 Cal.Rptr. 704, 517 P.2d 1168]).[1]
 It is equally well settled that where a tenant factually establishes that the landlord instituted a rent increase or eviction action because the tenant made a demand for repairs pursuant to sections 1941 and 1942 of the Civil Code, such proof will bar eviction (Schweiger v. Superior Court (1970) 3 Cal.3d 507 [90 Cal.Rptr. 729, 476 P.2d 97]).
II
Appellant first urges that the tenant must first exercise his statutory right to “deduct and repair” in order to avail himself of the retaliatory eviction defense. We reject this contention. “Section 1941. lf[2]^ begins with the language ‘A dwelling shall be deemed untenantable for purposes of Section 1941 if it substantially lacks any of the following affirmative standard characteristics.... ’ The duty of a landlord to maintain fit premises is set forth in section 1941, and there is nothing in that section which demonstrates a legislative intent that the duty of a landlord varies based upon whether a tenant relies on the statutory rem *Supp. 17 edy of ‘repair and deduct’ or the common law as set forth in Green v. Superior Court, supra. Indeed, the ‘repair and deduct’ statute is explicitly independent of any other available remedy. (See Civ. Code, § 1942, subd. (d).)” (Knight v. Hallsthammer (1981) 29 Cal.3d 46, 58-59 [171 Cal.Rptr. 707, 623 P.2d 268].) (Fn. eliminated.)
Ill
Appellant next contends that a complaint to a landlord concerning tenantability is insufficient, and that the tenant must complain to governmental officials before the defense can be interposed. It is true, of course, that in Edwards v. Habib (D.C. Cir. 1968) 397 F.2d 687, cert, den. (1969) 393 U.S. 1016 [21 L.Ed.2d 560, 89 S.Ct. 618] the complaint was made to housing officials. In Schweiger v. Superior Court, supra, 3 Cal. 3d 507, 510, the tenant did invoke his “repair and deduct” remedy. In Knight v. Hallsthammer, supra, 29 Cal.3d 46, 50, 57, while the tenants did complain, they were in default in the payment of rent, and the Supreme Court focused upon issues other than retaliatory eviction.[3] However, the language of the statute, as amended, is crystal clear. At the time this action was filed, section 1942.5 of the Civil Code read, in pertinent part, as follows (with italics added): *Supp. 18 notice, for the purpose of obtaining correction of a condition relating to tenantability; or . . .. ”
*Supp. 17 “(a) If the lessor retaliates against the lessee because of the exercise by the lessee of his rights under this chapter, or because of his complaint to an appropriate agency as to tenantability of a dwelling, and if the lessee of a dwelling is not in default as to the payment of his rent, the lessor may not recover possession of a dwelling in any action or proceeding, cause the lessee to quit involuntarily, increase the rent, or decrease any services within 180 days:
“(1) After the date upon which the lessee, in good faith, has given notice pursuant to Section 1942, or has made an oral complaint to the lessor regarding tenantability; or
“(2) After the date upon which the lessee, in good faith, has filed a written complaint, or an oral complaint which is registered or otherwise recorded in writing with an appropriate agency, of which the lessor has
*Supp. 18 Indeed, Civil Code section 1942 was also amended to specify written or oral notice to the landlord of dilapidations which the landlord ought to repair.
The Legislature specifically made provision for oral complaint to the landlord regarding the tenantability of premises. The Legislature is presumed to know what it was saying and to have meant what it said when it enacts or amends legislation (County of Santa Clara v. Hall (1977) 23 Cal.App.3d 1059, 1065 [100 Cal.Rptr. 629]; People v. Pina (1977) 72 Cal.App.3d Supp. 35, 39 [140 Cal.Rptr. 270]). Indeed, we are required to give effect to statutes according to the usual, ordinary import of the language used in framing them, and where, as here, the statutory language is clear and unambiguous, there is no need for construction, and courts should not indulge in it (People v. Belleci (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473]; Solberg v. Superior Court (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 p.2d 1148]). Interestingly, before the 1979 amendment, the statute made no specific reference to oral notice (see Kriz v. Taylor, supra, 92 Cal.App.3d 302, 309-310), and this change indicates an intent on the part of the Legislature to emphasize that oral notice to the landlord would suffice (see, generally, Jordan v. Consolidated Mut. Ins. Co. (1976) 59 Cal.App.3d 26, 48 [130 Cal.Rptr. 446]).
We therefore hold that under Civil Code section 1942.5, a tenant, who is not in default in the payment of rent, may invoke the defense of retaliatory eviction, upon proof that he has made an oral complaint to the landlord regarding the tenantability of the premises. Of course, to prevail, he must also show, by a preponderance of the evidence, that the lessor’s conduct in attempting to cause the tenant to pay additional rent, or to involuntarily leave the premises, was in fact retaliatory.
IV
Appellant urges that the instructions given do not require the tenant to establish that the dilapidations complained of actually rendered the premises untenantable. However, appellant did not fulfill his duty of requesting an instruction on that subject, and, since the court did instruct upon the basic issues, appellant simply cannot claim error (see Agarwal v. Johnson (1979) 25 Cal.3d 932, 948 [160 Cal.Rptr. 141, 603 P.2d *Supp. 19 58]; Willden v. Washington Nat. Ins. Co. (1976) 18 Cal.3d 631, 636 [135 Cal.Rptr. 69, 557 P.2d 501]).
Indeed, except for a brief transcript, the case comes before us on a judgment roll, and the sufficiency of the evidence is not open to review (Wheelwright v. County of Marin (1970) 2 Cal.3d 448, 454 [85 Cal. Rptr. 809, 467 P.2d 537]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 239-240, pp. 4231-4233). While appellant might conjure up some minor cosmetic deficiency, for all we know, there may have been several of the serious defects enumerated in Civil Code section 1941.1, and counsel for appellant may have decided not to emphasize that issue for tactical reasons.
V
Respondents, as the prevailing parties in the trial court, sought, and were entitled to an award of attorney fees, as costs (Civ. Code, § 1717; T.E.D. Bearing Co. v. Walter E. Heller & Co. (1974) 38 Cal.App.3d 59 [112 Cal.Rptr. 910]; cf. Beneficial Standard Properties, Inc. v. Scharps (1977) 67 Cal.App.3d 227 [136 Cal.Rptr. 549]). Respondents are the prevailing parties on appeal. Although they are entitled to an additional award on appeal, we will follow our customary practice of remanding the matter to the trial court so it can determine attorney fees on appeal (Nieman v. Peterson (1978) 86 Cal.App.3d Supp. 14, 19 [150 Cal.Rptr. 774]. Compare Civ. Code, § 1942.5, subd. (g)).
Disposition
The judgment is affirmed and the cause is remanded with directions to the trial court to determine a reasonable attorney’s fee for all services performed on appeal for respondents, and to add that sum, together with the previous costs, to the judgment. Such determination can be made on motion after the remittitur is filed.
Respondents may recover their costs on appeal.
Jensen, J.,* concurred.

A residential tenant sued by a landlord in an unlawful detainer action may prove that no rent is due because the landlord breached the implied covenant of habitability, in which case the landlord would not be entitled to possession (Green v. Superior Court, supra, 10 Cal.3d 616, 635; see also Cazares v. Ortiz (1980) 109 Cal.App.3d Supp. 23 [168 Cal.Rptr. 108] indicating the proper method of calculating any net rent due). Note, however, that such a defense cannot be interposed in an unlawful detainer action involving commericial leases (Schulman v. Vera (1980) 108 Cal.App.2d 552, 558-563 [166 Cal.Rptr. 620]). In this case, we have a residential lease and the tenant continued to pay rent.

A11 references are to the Civil Code unless otherwise noted.

Because in the case before us, the tenant invoked his rights pursuant to Civil Code section 1942.5, we express no opinion as to whether this statute, as amended, preempts the common law remedy (see S.P. Growers Assn. v. Rodriguez (1976) 17 Cal.3d 719, 729, fn. 1 [131 Cal.Rptr. 761, 552 P.2d 721]; Kriz v. Taylor (1979) 92 Cal.App.3d 302, 307-308, fn. 6 [154 Cal.Rptr. 824]. But see Civ. Code, § 1942.5, subd. (h)).

 Assigned by the Chairperson of the Judicial Council.