Opinion
DODDS, J.
These are appeals from judgments of conviction, after court trials, of illegal camping. (Santa Barbara Mun. Code, § 15.16.070.)[1] Although each case was tried separately, the appeals were briefed and argued jointly as they present identical issues for decision.
In the case of appellant Edward McCutchen Mannon, the evidence shows that he was cited at 4 a.m. one morning on property owned by the City of Santa Barbara near East Cabrillo Boulevard as he slept in a sleeping bag with a ground cover. Next to him were duffel bags, a rope, blankets and clothing. Appellant Mark Walter Edmonds was cited at 7 a.m. on a different morning as he slept in a bedroll and blankets on apparently the same city property in the 300 block of East Cabrillo Boulevard. Ten other *Supp. 4 people were in the immediate area, all sleeping in sleeping bags in front of a burning fire.
The arguments raised by appellants are similar if not identical to those raised in the case of People v. Bernal et al. ((Mar. 3, 1989) App.Dept.Super.Ct, Santa Barbara County, Crim. A No. 173187), which we decided earlier this year in an unpublished written opinion. Because these cases continue to reoccur and hence involve legal issues of continuing public (albeit local) interest, we have chosen to direct that this case be published so it may be referred to as precedent by the parties, lower courts and the municipal legislative body. (See Cal. Rules of Court, rule 976(b)(3).)
Appellants’ attack on each of their respective convictions is twofold. First, they argue that they were not “camping” as that word is defined in the municipal code. Secondly, they claim that there is no substantial evidence to support the convictions. In essence, while appellants admit they may have been sleeping, they claim the evidence was insufficient to convict them of “camping.”
The Santa Barbara Municipal Code makes it unlawful to camp in public areas which are not designated for camping. (Santa Barbara Mun. Code, § 15.16.070.) Camping is described by the ordinance as the “use of camping facilities, such as tents, tarpaulins or temporary shelters, the use of non-city designated cooking facilities and similar equipment or the use of cots, beds or hammocks.” (Santa Barbara Mun. Code, § 15.15.060.) Appellants argue that unless the facts support the finding that they used one or more of the items enumerated in the ordinance, they cannot be convicted of camping. Respondent argues that the language of section 15.15.060 is illustrative and not exclusive.
A court is required to give effect to statutes according to the usual, ordinary import of the language used in framing them, and where the statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. (Kemp v. Schultz (1981) 121 Cal.App.3d Supp. 13, 18 [175 Cal.Rptr. 412].) (2) Furthermore, courts must endeavor to view a statute from the standpoint of a reasonable person who might be subject to its terms, and to consider what evil the Legislature intended to combat. Penal statutes are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice. (In re Richard M. (1988) 205 Cal.App.3d 7, 15 [252 Cal.Rptr. 36].)
There is nothing ambiguous about the meaning of the word “camp.” The definition is “to pitch or occupy a camp ... to live temporarily in a *Supp. 5 camp or outdoors.” (Webster’s Third New Intern. Diet. (1965) p. 322.) The illustrations of the word “camp” utilized in the municipal code do not vary the traditional meaning of that word, they merely supplement it. The illustrations are consistent with the ordinary meaning of the word, i.e., living temporarily in the outdoors. The fact that the city council sought to give examples of the meaning of the term does not compel us to disregard the usual, ordinary import of that word or to subsitute the examples given in the municipal code for the dictionary definition. We feel that a reasonable person would understand “camp” to mean to temporarily live or occupy an area in the outdoors, and would not be deceived or misled by the undertaking of further explanation in the municipal code.
Having ascertained the usual meaning of the word “camp,” we turn to whether there is substantial evidence to support the trial court’s finding that each appellant was guilty of unlawful camping. “When the sufficiency of the evidence is challenged on appeal, the court must review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence—i.e., evidence that is credible and of solid value—from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.” (People v. Green (1980) 27 Cal.3d 1, 55 [164 Cal.Rptr. 1, 609 P.2d 468].) In applying this test we must “presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.” (People v. Mosher (1969) 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659].)
In each of these cases we feel the evidence presented to the trial court was consistent with the conclusion that each appellant was temporarily living in or occupying an area in the outdoors and, hence, camping in violation of the municipal ordinance. Substantial evidence supports each conviction.
This is the second time in recent months that we have been called upon to decide this issue. While future convictions may be open to attack on the question of substantial evidence, this should be the last word from this court on the issue of statutory construction of the ordinance in question. As we observed in another case: “where ... a statute has been judicially construed, such construction of the statutory words becomes part of the statute as if it had been so amended by the legislature.” (People v. Willis (1983) 149 Cal.App.3d Supp. 56, 60 [197 Cal.Rptr. 281].) Hence, this court’s construction of the word “camp” is now a part of the ordinance for purposes of interpretation. If appellants think that construction is at odds with the Legislature’s intent, their remedy is to point that out to the legislative body (in this case the city council) and ask that they alter the ordinance. An amendment that alters the ordinance would be an indica *Supp. 6 tion that the city council is not acquiescing in this court’s construction of it. (See Willis, supra, at p. Supp. 61.)
The judgment in each case is affirmed. The clerk of the court is hereby ordered to forward a copy of this opinion to the Second District Court of Appeal, Division Six, upon the judgment becoming final as to this court.
Gordon, P. J., and Jennings, J., concurred.

Santa Barbara Municipal Code section 15.16.070 states in relevant part: “It shall be unlawful for any person to camp in the following areas except as otherwise provided for: . . . (3) Any public parking lot or public area, improved or unimproved;. . .”