[Civ. No. 33439. Second Dist., Div. Four. Sept. 30, 1969.]

TOM CHERRY et al., Plaintiffs and Appellants, v. HOME SAVINGS & LOAN ASSOCIATION, Defendant and Respondent.

Morgan, Wenzel, Lynberg, Stearns & Morris and Lawrence D. Malcolm for Plaintiffs and Appellants.

Engman, Holaday, Cooper, Cappai & Wiggins, Robert F. Wiggins and Donald E. Cooper for Defendant and Respondent.

DUNN, J.—The trial court sustained, without leave to amend, respondent's general demurrer to appellants' first amended complaint. This appeal is taken from the ensuing order of dismissal entered pursuant to the provisions of Code of Civil Procedure, section 581, subdivision 3.

The following facts are taken from appellants' first amended complaint:[1] In 1964 appellants Orrin and Rosellen Wickershim, husband and wife, executed a promissory note

---

[1] By stipulation, it was agreed in the trial court that the first amended complaint be deemed to incorporate the trust deed involved, by reference. As pleaded in the complaint, it was not so incorporated.

secured by a deed of trust on certain real property in favor of respondent, Home Savings & Loan Association. In 1967 appellant Tom Cherry desired to purchase the property from the Wickershims. A contract was proposed under which Cherry was to purchase the property subject to the security interest of respondent and the Wickershims were to remain primarily liable under the deed of trust for all indebtedness due respondent.

Paragraph 12 of the deed of trust provided: "That if the Trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable."

Pursuant to such provision appellants Wickershim requested that respondent give its consent to the proposed sale of the property. Respondent refused to consent to the sale unless appellant Cherry would agree to assume, at a higher rate of interest, all indebtedness due respondent by appellants Wickershim. Accordingly, and in order that the escrow might be closed, appellant Cherry and respondent executed a document under which Cherry agreed to assume the promissory note and to pay an assumption fee of $471 and a higher rate of interest on the indebtedness in return for respondent's forebearing to exercise its right to accelerate the indebtedness. Cherry entered into the assumption agreement under protest, the agreement incorporating by reference a letter from appellants' attorney to respondent which stated that the assumption agreement was accepted subject to a declaration of appellants' rights by the Superior Court of Los Angeles County.

The question to be determined is whether the foregoing allegations of the complaint state facts sufficient to support an action for declaratory relief. Appellants contend they do.

While appellants ask us to find that the language of paragraph 12 is ambiguous, we do not find it so; its intent and meaning are perfectly clear and it appears not reasonably susceptible to any meaning other than that respondent's written consent need first be obtained or appellants run the risk of

immediate acceleration of the debt. In oral argument, appellants conceded they would have no evidence to offer at trial attaching any different meaning or significance to the language than is apparent on the face of it.

Accordingly, we consider appellants' principal argument, namely, that an unwritten but implied term of the trust deed, and particularly of its paragraph 12, required that respondent act in accordance with concepts of good faith and fair dealing and therefore act reasonably in withholding its consent to any transfer of the property. We were informed in oral argument, and the complaint with its exhibits indicates, that the trust deed loan was for refinancing and was not a purchase money borrowing. As a result, the provisions of Code of Civil Procedure, section 580b do not operate to relieve appellants Wickershim of personal liability under the note for any deficiency.[2] If appellants Wickershim sold the property, the purchaser would take it subject to the trust deed but the Wickershims would remain personally liable for a deficiency. The credit and character of the Wickershims for that reason are of some significance to the lender, respondent herein. Appellants point out, however, that if they sold the property to Cherry, respondent would still have the same security as if they had kept the property since the debt would remain, as before, secured by the trust deed and by the Wickershims' personal obligation. Their complaint prayed that the court find that: (1) respondent was obliged to exercise reason in giving or withholding its consent to the transfer; (2) the proposed transfer to appellant Cherry was reasonable, for which reason (3) the assumption agreement, entered into under protest, should be declared a nullity.

It is no doubt the rule that every contract involves an implied covenant of good faith and fair dealing. *Comunale* v. *Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658 [253 P.2d 495]. Our inquiry relates solely to determining if this implied proviso required respondent to exercise ''reasonableness'' in giving or withholding its consent prior to declaring the debt accelerated.

A plaintiff in a proceeding for declaratory relief is not required to allege facts entitling him to a favorable de-

[2]Code of Civil Procedure, section 580b in pertinent part reads: ''No deficiency judgment shall lie . . . under a deed of trust . . . given to the vendor to secure payment of the balance of the purchase price of real property . . . or . . . on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of such dwelling . . .''

cree; in other words, if entitled at all, he is entitled to a decree whether it be favorable or unfavorable. *Sullivan* v. *San Francisco Art Assn.* (1950) 101 Cal.App.2d 449 [225 P.2d 993] states the following (at p. 455): ''Thus, it is well established that when the sufficiency of a declaratory relief complaint is being considered, it is of no consequence whether the plaintiff may be on the right side or on the wrong side of the controversy. The complaint may not be dismissed because the court disagrees, if it does, with the construction which the plaintiff would put upon the instrument involved.'' (Also: *Maguire* v. *Hibernia Sav. & Loan Soc.* (1944) 23 Cal.2d 719, 731 [146 P.2d 673, 151 A.L.R. 1062].)

 Pursuant to Code of Civil Procedure, section 1060, a complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that such rights and duties be adjudged by the court. *Bennett* v. *Hibernia Bank* (1956) 47 Cal.2d 540, 549-550 [305 P.2d 20]; *Columbia Pictures Corp.* v. *DeToth* (1945) 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747]. However, the controversy must be a real one; the mere allegation of a disagreement is not sufficient if there is no legal basis for it. There must be an actual, ''justiciable'' controversy. *Monahan* v. *Department of Water & Power* (1941) 48 Cal.App.2d 746, 751 [120 P.2d 730]; *Gillies* v. *La Mesa etc. Irr. Dist.* (1942) 54 Cal.App.2d 756, 762 [129 P.2d 941]. The question here presented is one of pure law. No benefit to the litigants would result from a reversal of the order of dismissal and remand of the case for trial, for at a trial the judge necessarily must make the same determination we are asked now to make and from the same undisputed facts. The opinion of this court constitutes a declaration of the rights and duties involved. *Haley* v. *Los Angeles County Flood Control Dist.* (1959) 172 Cal.App.2d 285, 292-294 [342 P.2d 476].

 The due-on-sale provisions of paragraph 12 of the trust deed are not unusual and appear frequently in this type of agreement. The business reasons for it are obvious. First, a substantial loan ordinarily is not obtained for the asking. Lenders run the risk that security may depreciate in value, or be totally destroyed. This risk of loss is reduced in the lender's viewpoint if the borrower is known to be conscientious, experienced and able. Often, as here, a trust deed requires the borrower to maintain the property in good repair, secure and

keep adequate insurance in force, satisfy liens, taxes and other encumbrances and in other ways to protect the security. If a borrower were able to sell the security without concern for the debt, he may take the proceeds of the sale, leaving for parts unknown, and the new owner of the property might permit it to run down and depreciate. Thus, the lender places some value on his belief that the person who takes out the loan is reliable and responsible. A lender may, indeed, be willing to loan money to some persons or entities at one rate of interest but to other, less desirable risks only at an increased interest rate.

Secondly, loan agreements frequently permit a borrower to pay off a loan before it is due. When interest rates are high, a lender runs the risk they will drop and that the borrower will refinance his debt elsewhere at a lower rate and pay off the loan, leaving the lender with money to loan but at a less favorable interest rate. On the other hand, when money is loaned at low interest, the lender risks losing the benefit of a later increase in rates. As one protection against the foregoing contingency, a due-on-sale clause is employed permitting acceleration of the due date by the lender so that he may take advantage of rising interest rates in the event his borrower transfers the security. This is merely one example of ways taken to minimize risks by sensible lenders.

There is no inequity visible from such a provision. Thus, if a note is executed with a due date of January 31, that is one of its terms, and a borrower cannot be heard to urge that the inferred provisos of good faith and fair dealing permit him "reasonably" to pay at a later date. (Com. Code, §§ 3123, 3122.) Here, appellants Wickershim borrowed money from respondent under specified terms. Respondent did nothing to prevent or make difficult appellants' performance under the agreement. It did not, and could not, prevent the Wickershims from selling to Cherry if they so wished. But respondent could, and allegedly did by threatening to exercise its option to accelerate the debt, refuse to accept Cherry as owner of the security unless respondent received from him a higher return for the use of its money than obtained from the Wickershims. Such refusal on respondent's part demonstrated no lack of good faith or fair dealing, but merely insistence on its rights under the terms of the deed of trust. It had the power of free decision regarding use of its money by others, the right to determine in its own discretion whether it would exercise its option, and it had no obligation to act only in a manner which

others might term "reasonable." Neither Cherry nor the Wickershims, all of whom were aware of the terms, can complain.

Language of the court in *Walnut Creek Pipe Distributors, Inc.* v. *Gates Rubber Co.* (1964) 228 Cal.App.2d 810 [39 Cal. Rptr. 767] is pertinent (p. 815): "Respondent points to the unfairness of the situation to justify the finding of an implied covenant of repurchase. The courts cannot make better agreements for parties than they themselves have been satisfied to enter into or rewrite contracts because they operate harshly or inequitably. It is not enough to say that without the proposed implied covenant, the contract would be improvident or unwise or would operate unjustly. Parties have the right to make such agreements. The law refuses to read into contracts anything by way of implication except upon grounds of obvious necessity. '[I]mplied covenants are not favored in the law; and courts will declare the same to exist only when there is a satisfactory basis in the express contract of the parties which makes it necessary to imply certain duties and obligations in order to effect the purposes of the parties to the contract made.' " (An unfair contract cannot be rewritten, see: Witkin, Summary of Cal. Law (1967 Supp.) p. 94, Contracts § 241.)

Having found no implied requirement that respondent act "reasonably" in exercising its option to accelerate, we need not determine if, in fact, it so acted. ▮ We are next asked by appellants to consider whether the due-on-sale clause constituted an invalid restraint on alienation, either under common law or statute (Civ. Code, § 711). We conclude it did not. Appellants' contention previously was answered adversely in *Coast Bank* v. *Minderhout* (1964) 61 Cal.2d 311 [38 Cal. Rptr. 505, 392 P.2d 265], wherein the court states (at p. 317): "In the present case it was not unreasonable for plaintiff to condition its continued extension of credit to the Enrights on their retaining their interest in the property that stood as security for the debt. Accordingly, plaintiff validly provided that it might accelerate the due date if the Enrights encumbered or transferred the property." (Also see: *Hellbaum* v. *Lytton Sav. & Loan Assn.* (1969) 274 Cal.App.2d 456 [79 Cal.Rptr. 9]; *Jones* v. *Sacramento Sav. & Loan Assn.* (1967) 248 Cal.App.2d 522 [56 Cal.Rptr. 741], and particularly footnotes numbered 2 and 3. The case involved a clause nearly identical to our own.)

In the light of the foregoing, we conclude the trial court properly sustained respondent's demurrer and the order of dismissal was proper. Judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 26, 1969.