[Civ. No. 26081. Fourth Dist., Div. One. Mar. 24, 1983.]

ANGEL F. MIRANDA et al., Plaintiffs, Cross-defendants and Appellants, v.
SALVADOR MACIAS et al.,
Defendants, Cross-complainants and Respondents.

COUNSEL

Laurence C. Baldauf, Jr., for Plaintiffs, Cross-defendants and Appellants.

Higgs, Fletcher & Mack, Joe N. Turner, J. Tim Konold, Gregg C. Sindici and Patrick D. Webb for Defendants, Cross-complainants and Respondents.

OPINION

**WORK, J.**—Plaintiffs Angel and Mary Miranda, James and Patricia Unger and Juan and Ma Teresa Hernandez appeal a judgment of foreclosure ordering the sheriff to sell certain real property to satisfy a lien secured by a deed of trust. We hold the trial court erred in refusing to apply the rationale of *Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943 [148 Cal.Rptr. 379, 582 P.2d 970], and reverse.

### *Factual and Procedural Background*

On March 29, 1978, the Mirandas and the Ungers purchased certain commercial real property from Salvador Macias. Macias took back a promissory note secured by deed of trust, both containing a standard due-on-sale clause. On August 25, 1978, our Supreme Court in *Wellenkamp* v. *Bank of America, supra,* 21 Cal.3d 943, 953, prohibited institutional lenders from enforcing due-on-sale clauses in promissory notes or trust deeds upon an outright sale unless the lender demonstrates enforcement is reasonably necessary to prevent impairment of security or risk of default. On April 17, 1979, the Mirandas and the

Ungers conveyed the cited real property to the Hernandezes without Macias' written consent. Relying on the due-on-sale provision, Macias filed a notice of default. This action followed. The trial court held *Wellenkamp* v. *Bank of America, supra,* did not apply to private lenders, ordered the property sold and awarded attorney fees. The matter is stayed pending appeal.

Six months after trial, on February 4, 1982, our Supreme Court in *Dawn Investment Co.* v. *Superior Court* (1982) 30 Cal.3d 695 [180 Cal.Rptr. 332, 639 P.2d 974], held the *Wellenkamp* rule also applies to private lenders, and to both residential and commercial real property.

Still later, Congress enacted the Garn-St. Germain Depository Institutions Act of 1982 (the Garn Bill). It provides: "Section 341 (a) For the purpose of this section—

". . . . . . . . . . . . . . . . . . . . .

"(2) The term 'lender' means a person or government agency making a real property loan or any assignee or transferee, in whole or in part, of such a person or agency;

". . . . . . . . . . . . . . . . . . . . .

"(b)(1) Notwithstanding any provision of the constitution or laws (including the judicial decisions) of any State to the contrary, a lender may, subject to subsection (c), enter into or enforce a contract containing a due-on-sale clause with respect to a real property loan.

"(2) Except as otherwise provided in subsection (d), the exercise by the lender of its option pursuant to such a clause shall be exclusively governed by the terms of the loan contract, and all rights and remedies of the lender and the borrower shall be fixed and governed by the contract.

". . . . . . . . . . . . . . . . . . . . .

"(c)(1) In the case of a contract involving a real property loan which was made or assumed, including a transfer of the liened property subject to the real property loan, during the period beginning on the date a State adopted a constitutional provision or statute prohibiting the exercise of due-on-sale clauses, or the date on which the highest court of such State has rendered a decision (or if the highest court has not so decided, the date on which the next highest appellate court has rendered a decision resulting in a final judgment if such decision applies State-wide) prohibiting such exercise, and ending on the date of enactment of this section, the provisions of subsection (b) shall apply only in the

case of a transfer which occurs on or after the expiration of three years after the date of enactment of this Act. . . .

"<span>.</span> . . . . . . . . . . . . . . . . . . . . . .

"[(2)](B) A lender may not exercise its option pursuant to a due-on-sale clause in the case of a transfer of a real property loan which is subject to the subsection where the transfer occurred prior to the date of enactment of this Act."

### The Wellenkamp Rule Applies to this Controversy

■ The decision in *Dawn Investment Co.* v. *Superior Court, supra,* 30 Cal.3d 695, controls this matter. A decision of our Supreme Court, "even when overruling a settled rule of law, is fully retroactive in application. [Citations.] When exceptions to this rule are adopted, they are based primarily on consideration of the extent of public reliance on the prior rule and of the foreseeability of the new rule. [Citations.]" (*Henn* v. *Henn* (1980) 26 Cal.3d 323, 328-329 [161 Cal.Rptr. 502, 605 P.2d 10].) In *Wellenkamp,* the Supreme Court rejected applying its rule purely prospectively. However, the court slightly limited the retroactivity of its holding, stating: "[G]iven the importance of the stability of real estate titles and the interest in preserving completed real estate financing agreements, we hold that this decision shall not apply when the lender, prior to the date that this decision becomes final, has either enforced the due-on clause, resulting in sale of the subject property by foreclosure or in discharge of the accelerated debt, or when the lender has waived enforcement of the due-on clause in return for an agreement with the new buyer modifying the existing financing." (*Wellenkamp* v. *Bank of America, supra,* 21 Cal.3d 943, 954.) Consequently, the *Wellenkamp* rule applies to cases pending and not yet final where the lender's right to automatically enforce the due-on-sale clause was challenged and express limitations upon *Wellenkamp's* retroactivity were not applicable. (*Garfinkle* v. *Wells Fargo Bank* (1982) 135 Cal.App.3d 514, 519-520, fn. 5 [185 Cal.Rptr. 401].)

A fortiori, *Dawn Investment Co.* v. *Superior Court, supra,* 30 Cal.3d 695, applies here, as it merely holds the *Wellenkamp* rule applies to private lenders and commercial property and thus should be afforded at minimum the same retroactive effect as *Wellenkamp.* Moreover, the decision contains no language limiting its retroactive effect except its comment the *Wellenkamp* "decision was held applicable to existing loans except where lenders waived enforcement of the clause for modifications prior to the decision's effective date." (*Dawn Investment Co.* v. *Superior Court, supra,* 30 Cal.3d 695, 700.)

## The Garn Bill Does Not Apply

Macias mistakenly contends the Garn Bill permits him to enforce the due-on-sale clauses. The bill is expressly inapplicable, as it preempts all state laws *except* for loans made or assumed during a "window period." This window period was legislatively created to avoid the unfair impact of blanket federal preemption of state restrictions on the enforcement of due-on-sale clauses "on those homebuyers who, despite the contractual terms of their mortgage contracts, relied on state due-on-sale restrictions and reasonably believed they had assumable loans." (Sen.Rep. No. 97-536, 2d Sess., p. 22 (1982).) "The window period begins on the date the state law prohibited 'the unrestricted exercise of due-on-sale clauses upon outright transfers of the property' . . . [and] ends on the date of enactment of . . . [the Garn Bill]." (*Ibid.*; see § 341, subd. (c)(1), *supra.*) State action triggering the creation of the window period includes state statutes, constitutional provisions or judicial decisions. (*Ibid.*)

For the purposes of our decision, we need not, and do not, decide whether the window was first opened by statute in 1872 upon enactment of Civil Code section 711 providing that "[c]onditions restraining alienation, when repugnant to the interest created, are void;" by the 1964 judicial decision in *Coast Bank* v. *Minderhout* (1971) 61 Cal.2d 311 [97 Cal.Rptr. 30, 392 P.2d 265] (overruled to the extent inconsistent in *Wellenkamp, supra,* 21 Cal.3d 943, 953), holding this rule forbade only "unreasonable" restraints against alienation; by the 1971 judicial decision in *La Sala* v. *American Sav. & Loan Assn.* (1971) 5 Cal.3d 864 [97 Cal.Rptr. 849, 489 P.2d 1113], holding "enforcement of a due-on-encumbrance clause involved a significant restraint on alienation such as to preclude enforcement unless the lender could show that enforcement was reasonably necessary to protect its security" (*Dawn Investment Co.* v. *Superior Court, supra,* 30 Cal.3d 695, 698); by the 1974 judicial decision in *Tucker* v. *Lassen Sav. & Loan Assn.* (1974) 12 Cal.3d 629, 634 et seq. [116 Cal.Rptr. 633, 526 P.2d 1169], holding "enforcement of a clause making principal due on sale by installment contract would be precluded unless enforcement was necessary to protect the lender's security" (*Dawn Investment Co., supra,* at p. 698); or remained closed with the August 25, 1978, judicial decision in *Wellenkamp, supra.*[1] For, most conservatively, the window was open post-*Wellenkamp* (see Sen.Rep. No. 97-536, 2d Sess., p. 22, fns. 1 and 3 (1982)) and the loan in controversy was assumed after the decision's effective date. Our holding is consistent with section 341, subdivision (c)(2)(B) of the Garn Bill which provides: "A lender may not exercise its option pursuant to a due-on-sale clause in the case of a transfer of a real property loan which is subject to this subsection *where the transfer occurred prior to the date of enactment of this Act.*" (Italics added.)

---

[1] We reserve ruling on whether the window was opened by any pre-*Wellenkamp* enactment or judicial decision for a case factually requiring such determination.

*Disposition*

Judgment reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 29, 1983.