[Civ. No. 66409. Second Dist., Div. Two. Aug. 28, 1984.]

CARLOS FERNANDEZ et al., Plaintiffs and Appellants, v. AMERICAN SAVINGS AND LOAN ASSOCIATION et al., Defendants and Respondents.

COUNSEL

Raymond E. Herndon for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Henry G. Ullerich and Marilyn K. Mayer, Deputy Attorneys General, for Defendants and Respondents.

OPINION

GATES, J.—Plaintiffs Carlos and Aida Fernandez appeal from the order of the trial court denying their motion for a preliminary injunction to prevent foreclosure proceedings against a single-family dwelling.

On November 28, 1978, Manuel and Mabel Aladro entered into an agreement with American Savings and Loan Association under the homeownership and home improvement loan program for neighborhood preservation areas (HOHI)[1] to purchase a parcel of real property located at 3307 West 108th Street in Inglewood. Pursuant to this agreement, the Aladros executed a promissory note in the amount of $25,600, subject to interest at a rate of 7.75 percent. Both the note and the deed of trust securing it contained

---

[1] The HOHI program "assists low and moderate income people to purchase or rehabilitate their home by providing loans at below market interest rates. The program is operated by [respondent] California Housing Finance Agency (CHFA) through the assistance of private lenders and local governments. . . ." (CHFA HOHI Program Manual for Participating Lenders and Localities, p. 2. See also Health & Saf. Code, § 50900 et seq.)

standard due on sale clauses.[2] Manuel Aladro additionally executed an addendum to the note which specified: "The undersigned Borrower further acknowledges that Lender is making this loan to Borrower with the expectations that the loan will be purchased by the California Housing Finance Agency, and Borrower acknowledges that in the event the California Finance Agency purchases this loan, that the loan will not be automatically assumable by any third party, and that the California Housing Finance Agency reserves the right to require that all subsequent purchasers or transferees of the property meet the Agency's eligibility requirements for Agency loans, before any such loan may be assumed."

As contemplated by the terms of the addendum, American Savings on December 18, 1978, transferred its interest in the note to CHFA. Notwithstanding the parties' agreement regarding such an eventuality, the Aladros on April 8, 1981, executed an all-inclusive promissory note and deed of trust whereby they agreed to transfer the Inglewood property to appellants for the sum of $56,000, subject to a 12 percent interest rate.

On October 20, 1981, the Aladros were notified by American Savings, "as agents for California Housing Finance Agency," that they were in default of their obligations under the November 28, 1978, deed of trust as a result of their "failure to pay our demand dated September 10, 1981, for payment in full of the loan indebtedness due October 10, 1981." The notice also advised that "a written Declaration of Default and Demand for Sale . . ." had been delivered to First Charter Financial Corporation, as trustee.

On January 19, 1982, the then counsel for appellants informed American Savings appellants had acquired title to the Inglewood property subject to

---

[2]Each of the documents provided: "If all or any part of the Property or an interest therein is sold or transferred by borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Deed of Trust to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as Lender shall request. If Lender has waived the option to accelerate provided in this paragraph 17 and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall release Borrower from all obligations under this Deed of Trust and the Note. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 18 hereof."

the 1978 deed of trust and had on January 19, 1982, entered into an assumption agreement with the Aladros. Counsel tendered on appellants' behalf payments for October, November and December 1981, and January 1982, noting that "said payments, with the exception of January, 1982 payment was [*sic*] heretofore refused by you because of the fact that the Fernandez [*sic*] had acquired interest to the subject real property. Your position is that pursuant to Health and Safety Code Section 51068.5 the Fernandezs [*sic*] are ineligible purchasers. If your position for accelerating the payments is that Mr. Aladro was restrained from alienating the property without your prior written consent [*sic*]. This is not required pursuant to the authority of *Wallenkamp* v. *Bank of America* [*sic*], 148 Cal.Rptr. 379 (1978) and *Tucker* v. *Lassen Savings and Loan Association,* (1974) and a line of cases. Pursuant to Civil Code Sections 711 and 2925.5 [*sic*] a notice of such restraint must appear in the body of the deed of trust and/or promissory note. In the present controversy, the above stated deed of trust and the promissory note contains no restrictions in that regard, but only states that the person assuming the obligation must have satisfactory credit. It is submitted that the Fernandezs has [*sic*] satisfactory credit, and the transfer to them in no way impairs your interest under the said deed of trust."[3]

On February 5, 1982, appellants filed a "complaint for temporary restraining order, preliminary and permanent injunction; declaratory relief; to remove a cloud on title," naming American Savings, CHFA, First Charter and the State of California as defendants. The matter proceeded to hearing on June 24, 1982, and on June 30, the court issued its order denying appellants' motion for preliminary injunction based upon its findings "that the holdings of *Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943 [148 Cal.Rptr. 379, 582 P.2d 970] and *Dawn Investment Co.* v. *Superior Ct.* (1982) 30 Cal.3d 695 [180 Cal.Rptr. 332, 639 P.2d 974] are not applicable under the facts of this case, and the provisions of CC section 2924.5[4] have been satisfied."

■ While a literal reading of Civil Code section 2924.5 might appear to render void all due on sale clauses whose triggering events do not appear

---

[3]Appellants' financial statements showed their "net worth" to be just under $4 million.

[4]Civil Code section 2924.5 provides: "No clause in any deed of trust or mortgage on property containing four or fewer residential units or on which four or fewer residential units are to be constructed or in any obligation secured by any deed of trust or mortgage on property containing four or fewer residential units or on which four or fewer residential units are to be constructed that provides for the acceleration of the due date of the obligation upon the sale, conveyance, alienation, lease, succession, assignment or other transfer of the property subject to the deed of trust or mortgage shall be valid unless the clause is set forth, in its entirety in both the body of the deed of trust or mortgage and the promissory note or other document evidencing the secured obligation. This section shall apply to all such deeds of trust, mortgages, and obligations secured thereby executed on or after July 1, 1972."

in both a deed of trust and a promissory note, such a rigid interpretation is not required to carry out the intent of the statute. It seems clear that the Legislature, in enacting the section, intended to provide protection for those persons who obtain loans secured by their real estate by prescribing measures designed to increase the likelihood they will receive notice of the nature and extent of any restraints thereby placed upon their right of alienation. (See *Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943, 953, fn. 12 [148 Cal.Rptr. 379, 582 P.2d 970]; Marantz, *Consumerism Reaches the Sacrosanct Trust Deed* (1977) 52 State Bar J. 203; Kimbrough, *Janus on Legislation* (1972) 47 State Bar J. 126.) ■ Here, the promissory note, by virtue of the addendum thereto, adequately apprised the Aladros of the restrictions on their right to transfer their property. Therefore, we conclude the technical noncompliance with section 2924.5 did not render the due on sale clause invalid per se. On the other hand, it is possible the failure to comply with the section might have misled appellants regarding the assumability of the Aladros' loan. If so, and they were otherwise bona fide purchasers without notice, the lender could have been estopped from accelerating the due date of the obligation and initiating foreclosure proceedings, based upon equitable principles.

Appellants do, in fact, assert American Savings and CHFA failed to provide them proper notice that as subsequent purchasers they would have to meet the agency's eligibility requirements inasmuch as the only reference to such restrictions were placed in the addendum to the promissory note, which had not been recorded. Respondent disputes this claim, averring in its brief that the "CHFA addendum was recorded prior to appellants' taking the instant property" and that the lower court "held that appellants had no right to obtain the instant property originally and in any event were on full notice of the requirements of CHFA eligibility criteria and were in full notice that CHFA had the right to accelerate the loan."

Although our present record does not appear to support respondent's position, for purposes of disposing of the instant appeal, it matters not. That is to say, even assuming that, upon a full factual showing, the foreclosure sale could properly have been enjoined, since the parties agree that the property has now been sold and the residence destroyed by fire, it is clear the injunction proceeding, as such, has been pragmatically mooted. In tacit recognition of this fact appellants, citing Code of Civil Procedure section 908,[5] ask that if we cannot appropriately order the property reconveyed,

---

[5]Code of Civil Procedure section 908 provides: "When the judgment or order is reversed or modified, the reviewing court may direct that the parties be returned so far as possible to the positions they occupied before the enforcement of or execution on the judgment or order. In doing so, the reviewing court may order restitution on reasonable terms and conditions of all property and rights lost by the erroneous judgment or order, so far as such

that we direct the trial court to enter a money judgment in their favor "in an amount sufficient to compensate [them] for property not restored." However, given our most limited record, we decline to decide, or venture any opinion upon, the myriad factual issues which hitherto apparently have not been addressed and whose resolution is a necessary precedent to any final decision herein. By way of example, and without intent to be restrictive, these include: (1) Whether any document providing notice of the CHFA restriction was recorded prior to the transfer of the Aladros' property to appellants; (2) whether the omission of the CHFA restriction from the recorded deed of trust, in truth, led appellants to conclude they were subject only to the standard due on sale clause appearing in that document, a restriction which under *Wellenkamp* and *Dawn Investment Co.* could be enforced only if reasonably necessary to prevent impairment of security or risk of default;[6] (3) whether appellants can reasonably be charged with knowledge of the CHFA eligibility requirements irrespective of the recording of the addendum; and (4) the degree, if any, to which appellants have been damaged as a result of the foreclosure and sale. The resolution of these matters must await a plenary trial.

Turning to respondent CHFA's argument that section 2924.5 should not be applied to loans made under the HOHI program, we recognize that permitting transfers to buyers who have not met the requirements of the program would tend to frustrate its laudable objectives. We are likewise cognizant of the Legislature's power to override the general prohibition against restraints on alienation set forth in *Wellenkamp* by granting a particular agency statutory authority to restrain alienation in ways an ordinary lender may not. (*Department of Veterans Affairs* v. *Duerksen* (1982) 138 Cal.App.3d 149 [187 Cal.Rptr. 832].) In fact, the Legislature exercised this prerogative with respect to the HOHI program, expressly declaring that CHFA "shall not permit assumption of the obligation . . . by a subsequent

---

restitution is consistent with rights of third parties and may direct the entry of a money judgment sufficient to compensate for property or rights not restored. The reviewing court may take evidence and make findings concerning such matters or may, by order, refer such matters to the trial court for determination."

[6]Since the attempted transfer in the instant case occurred after the decision in *Wellenkamp* and prior to the enactment of the Garn-St. Germain Depository Institutions Act of 1982 (12 U.S.C. § 1701j-3), it would seem to constitute a "window period loan" and therefore be exempt from the act's preemption of all state legislative and judicial restrictions on enforceability of due on sale clauses. (12 U.S.C. § 1701j-3(c)(1); 48 Fed. Reg. 21554-21563 (Apr. 26, 1983) [to be codified at 12 C.F.R. pt. 591]; *Lucas* v. *Jones* (1983) 148 Cal.App.3d 1008 [196 Cal.Rptr. 437]; *Miranda* v. *Macias* (1983) 141 Cal.App.3d 188 [191 Cal.Rptr. 177]. See also Nelson & Whitman, *Congressional Preemption of Mortgage Due-on-Sale Law: An analysis of the Garn-St. Germain Act* (1983) 35 Hastings L.J. 243; Cobert, *The Due-on-Sale Perspective in California From Early 1982 to Late 1983: From the "Dawn" of the Current Era to the "Sunset Date" and Beyond* (1983) 23 Santa Clara L.Rev. 353.) Consequently, the current case would be governed by the *Wellenkamp* rule, assuming appellants adequately establish that defendants should be estopped from relying upon the restrictions set forth in the addendum.

ineligible purchaser or transferee of the prior borrower" (Health & Saf. Code, § 51068.5, subd. (a)), subject to certain limited exceptions which are seemingly not material here. (*Id.*, subd. (b).) However, acknowledging the validity of the foregoing matters does not resolve the question of whether respondent should have been prevented from exercising the due on sale clause as a result of its failure to comply with Civil Code section 2924.5.

It appears manifest that if the Legislature had intended HOHI loans to be exempt from the requirements of Civil Code section 2924.5, it could have, and should have, so provided, as it did with respect to Civil Code sections 711, 711.5 and 1916.5. Respondent's reliance upon the rule of statutory construction that a special statute dealing with a particular subject controls and takes priority over a general statute, is misplaced. Health and Safety Code section 51068.5 and Civil Code section 2924.5 do not deal with the same subject matter.

Equally inapposite is respondent's reliance upon the decision in *Department of Veterans Affairs* v. *Duerksen, supra,* 138 Cal.App.3d 149. So far as relevant here, that court was faced solely with the question of whether *Wellenkamp* should be applied to a Cal-Vet installment contract, which expressly restricted the transfer of property acquired thereunder, unless the veteran had first obtained the consent of the Department of Veterans Affairs. The applicability of section 2924.5 was not at issue. In addition, defendant Duerksen had attempted to sell the property to another veteran who already held a Cal-Vet contract on another residence. Thus there was no issue of notice with respect to the subsequent purchaser.

To the degree our decision that Civil Code section 2924.5 applies to the HOHI loan program might in certain instances thwart CHFA in carrying out its duty to preclude transfers to ineligible purchasers, we note the agency has a concomitant duty to "implement appropriate measures to assure compliance with this section." (Health & Saf. Code, § 51068.5, subd. (c).) Had it here merely required the original lender to append a copy of its restrictions to the deed of trust, as it did with respect to the promissory note, both of these responsibilities would have been fulfilled. In this manner, the goals of the program could have been furthered without creating a risk that a subsequent bona fide purchaser might be misled.

This matter is remanded to the trial court for such further proceedings as may be required to resolve those undetermined factual issues noted in this decision and such other questions as are necessary to a complete resolution

of the rights of the present litigants. The parties shall bear their own appellate costs.

Roth, P. J., and Compton, J., concurred.