[Civ. No. 39473. Second Dist., Div. One. Aug. 28, 1972.]

MORRIS MILSTEIN et al., Defendants and Respondents, v.
SECURITY PACIFIC NATIONAL BANK, Defendant and Appellant.

COUNSEL

Lillick, McHose, Wheat, Adams & Charles, Anthony Liebig and Douglas S. Westwater for Defendant and Appellant.

Fadem & Kanner and Gideon Kanner for Defendants and Respondents.

OPINION

THOMPSON, J.—This is an appeal from an interlocutory order of the trial court decreeing, over the objection of appellant, beneficiary of a deed of trust, that $19,085 of a deposit in court in an eminent domain proceeding be distributed to respondents, trustors and landowners, and from a final order of apportionment decreeing that the entire proceeds of the condemnation award be distributed to respondents. We dismiss the appeal from the interlocutory order and affirm the final order of apportionment.

Respondents are the owners of commercial property in the County of Los Angeles. On April 19, 1965, they executed a deed of trust of the property to defendant Equitable Trust Company to secure an indebtedness of $50,000 to Security First National Bank, predecessor in interest to appellant Security Pacific National Bank. The deed of trust provides that respondents convey the subject real property in trust to defendant Equitable Trust Company "FOR THE PURPOSE OF SECURING (1) Payment of the sum of $50,000.00 with interest thereon according to the terms of a promissory note or notes of even date herewith, made by Trustor, payable to the order of Beneficiary [Security First National Bank] . . . ; (2) Performance of each agreement of Trustor herein contained; (3) Payment of any and all obligations now or hereafter owing from any Trustor hereunder to Beneficiary and secured by mortgage or deed of trust of real property. . . ." The printed portion of the deed of trust states in darker and larger print than its body, "To PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:." There follow three numbered paragraphs obligating the trustor to preserve the property and maintain it in good repair, including the duty "To complete or restore promptly and in good and workmanlike manner any building or improvement which may be constructed, damaged or destroyed . . . and pay when due all costs incurred therefor . . .," to make all payments and perform all acts called for by the deed of trust, and to repay all sums "expended hereunder" by the beneficiary or trustee. In the same larger and darker print, the deed

of trust provides, "IT IS MUTUALLY AGREED THAT:." There follow printed paragraphs (4) through (19). Paragraph (4) reads in pertinent part: "Should the property or any part thereof be taken or damaged by reason of any improvement or condemnation proceeding, . . . Beneficiary shall be entitled to all compensation, awards, and other payments or relief therefor, and shall be entitled at its option to commence, appear in and prosecute in its own name, any action or proceedings, or to make any compromise or settlement in connection with such taking or damage. All such compensation, awards, damages, rights of action . . . are hereby assigned to Beneficiary, who may after deducting therefrom all its expenses, including attorney's fees, release any moneys so received by it or apply the same on any indebtedness secured hereby."

In October 1969, the City of Los Angeles commenced an eminent domain action to acquire a 10-foot strip of the property, taking immediate possession and depositing $38,075 in court pursuant to Code of Civil Procedure section 1243.5.

The eminent domain proceeding involved the taking of the front of a building located on respondents' property. Pursuant to Code of Civil Procedure section 1243.5, respondents moved to withdraw the deposit to permit repairs on the building necessitated by the taking. Appellant, as the beneficiary of a deed of trust on the property, objected. After a hearing pursuant to Code of Civil Procedure section 1243.7, subdivision (f), the trial court found, on substantial evidence, that the security of the deed of trust, then securing an unpaid balance of approximately $32,000, had not been impaired by the eminent domain proceeding and ordered $18,000 of the deposit distributed to respondents. On September 10, 1970, respondents filed a second application, this time to withdraw the remaining balance on deposit with the court. The application was granted over appellant's objection.

By stipulation of the parties, a judgment and final order of condemnation was entered on March 24, 1971, fixing the total award in eminent domain at $43,000, $5,915 more than the amount originally deposited by the condemner. The condemner deposited the additional sum in court. Appellant moved for an order of apportionment pursuant to Code of Civil Procedure section 1246.1. It presented no evidence that its security had been impaired or that it had been damaged by the taking. The trial court ruled that appellant was not entitled to any portion of the condemnation award and apportioned the entire amount to respondents.

On this appeal from the order of apportionment, appellant contends that it is entitled to a portion of the award equal to the unpaid

balance of the loan secured by the deed of trust upon the condemned property by reason of paragraph (4) of the printed portion of the deed of trust. We conclude that an implied covenant of good faith and fair dealing precludes the construction argued by appellant.

Respondents argue and appellant concedes that, absent a contractual provision to the contrary, a lienholder on property which is condemned in an eminent domain proceeding is entitled to compensation only if his security is impaired. (*Sacramento etc. Drainage Dist.* v. *Truslow*, 125 Cal.App.2d 478, 499 [270 P.2d 928, 271 P.2d 930].) Appellant contends, however, that paragraph (4) of the printed portion of the deed of trust vests in the beneficiary, here Security Pacific National Bank, the unqualified right to the proceeds of any condemnation action. Such is not a fair reading of paragraph (4). That paragraph goes beyond stating that in the event of an eminent domain proceeding the condemnation award shall be paid to the beneficiary to be applied upon the secured debt. It states that the beneficiary "may" either apply the proceeds to the debt or cause them to be paid to the trustor, debtor. The critical phrase is ambiguous when read in conjunction with other provisions of the deed of trust particularly in the context of the case at bench, a partial taking in an eminent domain proceeding of improved property securing the loan. While the paragraph states that the beneficiary "may" release the proceeds of condemnation or apply them on the indebtedness, it cannot be construed as vesting an absolute discretion in the beneficiary as might an acceleration clause. Such a construction is precluded by the obligation upon the trustors imposed by another paragraph of the deed of trust to repair damage caused by the taking. It is inconceivable that the parties intended other than that the proceeds of a partial taking in eminent domain would be available for that purpose. Since paragraph (4) does not grant absolute discretion to the beneficiary with respect to distribution of the fund available from condemnation, we must seek the intended limitation on that discretion. We find it in the implied in law covenant of good faith and fair dealing.

California law implies in any contract whose terms do not negative its application a covenant of good faith and fair dealing (*Flying Tiger Line, Inc.* v. *U.S. Aircoach*, 51 Cal.2d 199, 203-204 [331 P.2d 37]), i.e., the implied promise by the parties to the contract each to do everything that the contract presupposes they will do to accomplish its purpose. (*Milton* v. *Hudson Sales Corp.*, 152 Cal.App.2d 418, 431 [313 P.2d 936]; *Harm* v. *Frasher*, 181 Cal.App.2d 405, 417 [5 Cal.Rptr. 367]; Witkin, Summary of Cal. Law (7th ed. (1960) 1969 Supp.) Contracts, § 242.)

■ The purpose of the note and deed of trust is that respondents shall have the use of the funds loaned on the terms and at the interest rate specified in the note, and that appellant shall have the security provided by the deed of trust. To carry out that purpose, the implied covenant of good faith and fair dealing requires that appellant beneficiary exercise its discretion with respect to the condemnation fund in such fashion that it distribute to respondent borrowers all proceeds in excess of those necessary to recoup any impairment in security caused by the eminent domain proceeding. Since the trial court concluded on substantial evidence that appellant's security is not impaired, respondents are entitled to all of the proceeds of the eminent domain action.

Appellant argues that *Cherry v. Home Sav. & Loan Assn.,* 276 Cal. App.2d 574 [81 Cal.Rptr. 135], precludes the result which we here reach. *Cherry* validates a "due on sale" provision in a deed of trust against a claim of a covenant of good faith and fair dealing argued to impose a limitation upon the power of the lender to accelerate the debt upon sale of the property securing it. *Cherry* is distinguished from the case at bench by the fact that there the court concluded that the contract was unambiguous in permitting acceleration. (276 Cal.App.2d at p. 576.) ■ It thus falls within the traditional rule that a covenant of good faith and fair dealing will not be implied to vary the express unambiguous terms of a contract. *Cherry* quite properly declines to rewrite a contract to relieve a party of what may be an unjust bargain. (276 Cal.App.2d at p. 580.) Here we are not called upon to rewrite a contract but rather to construe internally ambiguous provisions of a deed of trust. We utilize the implied covenant of good faith and fair dealing to do so. By applying that covenant to impose a general limitation upon the rights of the parties, we avoid the essentially impossible task of rewriting the contract to reflect what the parties would have said had they anticipated the problem of a partial taking in eminent domain.

The judgment is affirmed. The appeal from the interlocutory order is dismissed.

Wood, P. J., and Clark, J., concurred.