[Civ. No. 34408. First Dist., Div. One. Apr. 10, 1975.]

GEORGINA REDINGLER, Plaintiff and Appellant, v.
IMPERIAL SAVINGS AND LOAN ASSOCIATION OF THE NORTH,
Defendant and Respondent.

COUNSEL

Miller, Starr & Regalia and Barry M. Gallagher for Plaintiff and Appellant.

Cooper, Sarkisian & Sands and Philip V. Sarkisian for Defendant and Respondent.

OPINION

THE COURT:*—Plaintiff appeals from a judgment which awarded

*Before Molinari, P. J., Sims, J., and Lazarus, J.†

†Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Imperial Savings & Loan Association of the North certain proceeds from a fire insurance policy covering property which had been mortgaged by plaintiff to Imperial but which had been reacquired by Imperial at a foreclosure sale for less than the amount due under the deed of trust after the fire damage occurred. Appellant contends that this award violated the antideficiency provisions of section 580b of the Code of Civil Procedure and was unwarranted because the foreclosure sale extinguished the debtor-creditor relationship between the parties after which the lender had no interest in the insurance proceeds. We do not agree with these contentions under the facts of this case.

While section 580b of the Code of Civil Procedure prohibits a judgment against a debtor following foreclosure, it does not prevent a creditor from realizing on additional security. (*Freedland* v. *Greco* (1955) 45 Cal.2d 462, 466 [289 P.2d 463]; *Hatch* v. *Security-First Nat. Bank* (1942) 19 Cal.2d 254, 260-261 [120 P.2d 869]; *Mortgage Guarantee Co.* v. *Sampsell* (1942) 51 Cal.App.2d 180, 183-186 [124 P.2d 353]; 3 Witkin, Summary of Cal. Law (8th ed. 1973) Security Transactions in Real Property, § 117, pp. 1585-1587.) Since Imperial held the policy as security for the performance of the trust and was named as a loss payee in the policy, the policy constituted additional security for the debt, and receipt of the insurance proceeds by the mortgagee was not prohibited by section 580b of the Code of Civil Procedure. Contrary to appellant's contention, the debtor-creditor relationship between the parties was not totally extinguished during the foreclosure proceedings because Imperial purchased the property for less than the amount of the balance due under the deed of trust. (*Rosenbaum* v. *Funcannon* (1962) 308 F.2d 680, 684; cf. *Woody* v. *Lytton Savings & Loan Assn.* (1964) 229 Cal.App.2d 641, 648 [40 Cal.Rptr. 560]; cf. 5 Couch on Insurance (2d ed.) Mortgagors and Mortgagees as Claimants, § 29:76, pp. 361-362.) Under such circumstances, the mortgagee was entitled to the insurance proceeds up to the amount of the indebtedness remaining after the foreclosure sale. (*Duarte* v. *Lake Gregory Land and Water Co.* (1974) 39 Cal.App.3d 101, 105 [113 Cal.Rptr. 893]; cf. *Woody* v. *Lytton Savings & Loan Assn., supra;* *Rosenbaum* v. *Funcannon, supra,* at p. 685; Hetland, Cal. Real Estate Secured Transactions (Cont. Ed. Bar 1970) Antideficiency Legislation, p. 257; 5 Couch on Insurance (2d ed.) *supra,* §§ 29:75, 29:76, pp. 360-362.)

The decision of *Smith* v. *Allen* (1968) 68 Cal.2d 93 [65 Cal.Rptr. 153, 436 P.2d 65], upon which appellant relies, is inapposite to the present case. In *Smith* v. *Allen,* the question was whether, following a foreclosure

sale, the mortgagor was entitled to reimbursement for mortgage payments, repairs and replacements, less the reasonable rental value of the property during occupancy, and the court properly stated in that context that a properly conducted foreclosure sale constituted a final adjudication of the rights of the borrower and the lender. That case did not involve a mortgagee's right to realize additional security in the form of insurance proceeds after acquiring property at a foreclosure sale for less than the amount of the mortgagor's indebtedness, which is the basic question here.

Judgment affirmed.