[Civ. No. 3300. Fifth Dist. May 18, 1978.]

WINFIELD SCHOOLCRAFT et al., Plaintiffs and Appellants, v. MAUDE ROSS et al., Defendants and Appellants.

*Assigned by the Chairperson of the Judicial Council.

**COUNSEL**

Lacy & Lacy and Edward M. Lacy, Sr., for Plaintiffs and Appellants.

Haight & Harriman and Gerald A. W. Haight for Defendants and Appellants.

**OPINION**

**HOPPER, J.**—We here consider the issue of application of proceeds from fire insurance under the terms of a deed of trust as between the trustor and the beneficiary. We hold that the right of a beneficiary to apply insurance proceeds to the balance of a note secured by a deed of trust must be performed in good faith and with fair dealing and that to the extent the security is not impaired the beneficiary must permit those proceeds to be used for the cost of rebuilding.

In April 1974 the plaintiffs purchased a home from defendant Ross and executed a promissory note secured by a deed of trust naming her as

beneficiary with defendant Modesto Title Guaranty as trustee.[1] The purchase price was $14,500, and the terms of the note required plaintiffs to pay $100 monthly installments. The house was destroyed by a fire in January 1975. At that time $13,585.01 was owed on the house.

Plaintiffs had purchased a fire insurance policy from the Hartford Insurance Company that provided them with two options if a loss occurred. The options were that the plaintiffs had a choice of collecting the cash value of the house at the time of the loss, which was $8,250, or, alternatively, they could rebuild the house and receive reimbursement from the insurance company of up to $14,100.

The deed of trust provided in part:

"A. To protect the security of this deed of trust trustor agrees:

"1. ... to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay ... all claims for labor performed and materials furnished ....

"2. To provide ... to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire ... insurance policy may be applied by Beneficiary upon any indebtedness secured hereby ... or at the option of the Beneficiary, the entire amount so collected or any part thereof may be released to Trustor."

After the fire the plaintiffs decided to rebuild the house. They contacted Hartford Insurance Company, informed it of their decision, and later received a check for $8,250. The check was payable to defendant Ross and plaintiffs, thereby requiring the endorsement of all parties before it could be negotiated. The insurance company informed the plaintiffs that the balance of the $14,100 would be paid upon completion of the new house.

Defendant Ross refused to permit the proceeds to be used for rebuilding the house. Instead, she invoked the clause in the trust deed

---

[1]The trustee, Modesto Title Guaranty, purports to appeal from the judgment. However, the judgment was solely against defendant Ross. There is no judgment against the trustee. Consequently, we do not have jurisdiction. (Code Civ. Proc., § 904.1, subd. (a).) The appeal of Modesto Title Guaranty must be dismissed. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 31, p. 4046.)

allowing her to retain insurance proceeds. Since the plaintiffs did not have a place to live, they could not afford to make the $100 monthly payments and rent an apartment also. Consequently, they were forced to cease payment on the note. Defendant Ross instructed the trustee to begin foreclosure proceedings and the property was ultimately sold at a private sale to defendant Ross for $600. She later resold it for $6,000.

At trial the plaintiffs introduced evidence that a new home could have been constructed for $14,100 that would have had a fair market value of $20,000 upon completion because of the rise in property values. They also indicated that they were willing to sell the new home as soon as it was completed, remit the balance of the note to defendant Ross and keep their own equity of approximately $6,000. Their lawsuit asked for the damages they incurred because of defendant Ross' refusal to permit the rebuilding of the home. Judgment was awarded in favor of the plaintiffs for $4,500 plus costs. Attorney fees for plaintiffs were denied. Defendant Ross appeals from the judgment against her; plaintiffs appeal from the denial of attorney fees.

This appears to be a case of first impression in California. The cases in other jurisdictions are in conflict. (See Leipziger, *The Mortgagee's Remedies for Waste* (1976) 64 Cal.L.Rev. 1086, 1108, fn. 91; see also Annot. (1934) 91 A.L.R. 1354; 6 Appleman, Insurance Law and Practice (1972) § 3861, p. 302, fn. 26; 5A Appleman, Insurance Law and Practice (1970) § 3401.)

The trial court in this case, relying upon *Milstein* v. *Security Pac. Nat. Bank* (1972) 27 Cal.App.3d 482 [103 Cal.Rptr. 16], concluded that the deed of trust was subject to an implied covenant requiring good faith and fair dealing on the part of the beneficiary, Maude Ross; that the beneficiary breached that implied covenant and awarded damages to plaintiffs in the sum of $4,500. We agree.

In *Milstein,* the County of Los Angeles condemned 10 feet off the front of a commercial building and placed the estimated value of the condemned property into court. That building was owned by Milstein, who had given a deed of trust to Security Pacific. Security Pacific claimed that, under the terms of the deed of trust, it was entitled to enough of the condemnation proceeds to satisfy the outstanding promissory note and deed of trust. Milstein took the position that since Security Pacific's

security was not impaired by the condemnation, it could not have a right to exercise its option under the deed of trust.

The *Milstein* court held that the beneficiary was bound by an implied covenant to exercise his option reasonably and to claim the award only to the extent his security was impaired. That same principle should apply to insurance proceeds. While the language in the deed of trust in this case differs slightly from the instrument in *Milstein,* in both situations the provisions were designed to accomplish the same ends.

■ "In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." (*Brown* v. *Superior Court* (1949) 34 Cal.2d 559, 564 [212 P.2d 878], also quoted with approval in *Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937, 940 [132 Cal.Rptr. 424, 553 P.2d 584]; see also *Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 573 [108 Cal.Rptr. 480, 510 P.2d 1032]; *Crail* v. *Blakely* (1973) 8 Cal.3d 744, 749-750 [106 Cal.Rptr. 187, 505 P.2d 1027]; *Liberty Mut. Ins. Co.* v. *Altfillisch Constr. Co.* (1977) 70 Cal.App.3d 789, 797 [139 Cal.Rptr. 91]; *Masonite Corp.* v. *Pacific Gas & Electric Co.* (1976) 65 Cal.App.3d 1, 9 [135 Cal.Rptr. 170]; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 576, p. 493; 3 Corbin on Contracts (1960) §§ 570-571, p. 341 et seq.; Comment (1975) 22 UCLA L.Rev. 847, 851.) The implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose.

As *Milstein* points out, the purpose of a deed of trust is that the borrower will have the use of funds loaned on specific terms and the lender will have the right to a specified repayment that is secured by the deed of trust (27 Cal.App.3d 482, 487). The lender does not have the right to unilaterally cut off the borrower's right to use the loaned funds unless he can show that his security is impaired.[2]

■ Here there is no evidence that the security was impaired by the fire nor is there any evidence that plaintiffs were unwilling or unable to continue making payments on the property. The sole reason advanced for

---

[2]Other cases have prevented foreclosure in the absence of a showing of impaired security. (See, e.g., *Tucker* v. *Lassen Sav. & Loan Assn.* (1974) 12 Cal.3d 629, 639 [116 Cal.Rptr. 633, 526 P.2d 1169] (beneficiary must show a threat to his interest before enforcing a due-on-sale clause); *La Sala* v. *American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 878 [97 Cal.Rptr. 849, 489 P.2d 1113] (due on encumbrance clause).)

defendant Ross' conduct was that she was old and sick and needed the money immediately to take care of her medical needs.

The trial court in this case properly concluded on substantial evidence that the security was not impaired and that the beneficiary failed to act in accordance with the implied covenant of the deed of trust, all to plaintiffs' damages in the sum awarded.

As in *Milstein,* the two clauses in the deed of trust must be construed to avoid the unintended acceleration of the note. The parties intended that the purchase price would be paid in the ordinary course of events to the end that plaintiffs could enjoy the full use of the house, subject to the required monthly payments. Forcing the buyer to pay off in advance would result in a buyer losing certain property rights contemplated by the parties, among them the benefit of a long-term loan which permits the buyer to spread the purchase price of the property over a long time.

Defendant Ross' reliance on *Woody* v. *Lytton Savings & Loan Assn.* (1964) 229 Cal.App.2d 641 [40 Cal.Rptr. 560], *Redingler* v. *Imperial Savings & Loan Assn.* (1975) 47 Cal.App.3d 48 [120 Cal.Rptr. 575] and *Lee* v. *Murphy* (1967) 253 Cal.App.2d 205 [61 Cal.Rptr. 174] is to no avail. None of those cases involve the application of the implied covenant of good faith and fair dealing.

In *Woody* the trustor was delinquent on payments and subsequent creditors had been forced to make advances to the beneficiary to prevent foreclosure. There was substantial evidence that the security was impaired. In *Redingler* the fire insurance proceeds were paid after foreclosure sale and there was substantial evidence that the security was impaired. In *Lee* the trustor had no desire to rebuild the structure and did not dispute the right of the beneficiary to the proceeds (the pertinent issue was the obligation, if any, of the trustor to make the next installment payment after the fire insurance proceeds were turned over to the beneficiary).

Counsel for defendant Ross' reference to his client having acted in good faith misses the mark. The covenant in this case does not mean good faith in the abstract, but, instead, refers to the purpose of the particular contract. To reiterate: To the extent the security was not impaired, defendant Ross had no right to the funds.

Defendant Ross further urges that the entire judgment should be reversed since no findings of fact were made with respect to the trustee who was a party to the suit. The trustee was joined for the sole purpose of setting aside the trustee's sale. Plaintiffs subsequently waived their right to have the sale set aside. No findings were made in respect to the trustee, nor were findings submitted by either defendant (see rule 232(d), Cal. Rules of Court). In effect, the matter as to the trustee was moot and any finding thereon was immaterial. Furthermore, defendant Ross has no standing to complain as to lack of a finding of fact as to the trustee.

■ Plaintiffs contend that they are entitled to attorney fees under the express terms of the deed of trust and Civil Code section 1717. Defendant Ross asserts that no evidence on fees was presented at trial; that the suit was on an implied covenant and not on a contract; and that plaintiffs are not prevailing parties. We disagree. Defendant Ross' contentions are without merit. The action is based upon the deed of trust and is a contract action within Civil Code section 1717. Plaintiffs are clearly the prevailing parties because they received a final judgment in their favor. (Civ. Code, § 1717; see *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 121 [108 Cal.Rptr. 782]; see also *International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031]; *National Computer Rental, Ltd.* v. *Bergen Brunswig Corp.* (1976) 59 Cal.App.3d 58, 63 [130 Cal.Rptr. 360], relied upon by defendant Ross is factually distinguishable.) ■ Attorney fees permissible under Civil Code section 1717 are to be determined by the court as costs. (*Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal.App.3d 227, 232 [136 Cal.Rptr. 549].) The amount of the attorney fees is within the sound discretion of the trial court (see 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 117, p. 3268).

Although this court possesses the power to appraise and fix attorney fees on appeal, the better practice is to remand the cause to the trial court for the determination of such fees. (*Arenson* v. *National Auto & Cas. Ins. Co.* (1957) 48 Cal.2d 528, 540 [310 P.2d 961] *Genis* v. *Krasne* (1956) 47 Cal.2d 241, 248 [302 P.2d 289]; *Clejan* v. *Reisman* (1970) 5 Cal.App.3d 224, 241 [84 Cal.Rptr. 897].)

The appeal of defendant Modesto Title Guaranty Company is dismissed.

The judgment against defendant Ross is affirmed with directions to the trial court to determine the amount of attorney fees to be awarded to plaintiffs in accordance with this opinion. Costs are awarded to plaintiffs.

Brown (G. A.), P. J., and Nairn, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.