[Nos. B002488, B004188. Second Dist., Div. Four. June 18, 1984.]

SAUL S. KRESHEK et al., Plaintiffs and Appellants, v.
JACOB SPERLING et al., Defendants and Appellants.

COUNSEL

Saul S. Kreshek, in pro. per., Steven M. Klugman and Sheldon H. Sloan for Plaintiffs and Appellants.

Rosenfeld, Meyer & Susman, Walter S. Weiss, Michael Ostroff, Diana C. Rivera for Defendants and Appellants.

## OPINION

**MUNOZ, J.\*—** In this appeal, we are faced with the question of the proper apportionment of fire insurance proceeds between a seller holding the trust deed and buyer when there is no intent to rebuild, but the value of the property has greatly increased so that seller's security interest has not been appreciably impaired. The trial court ruled that seller was entitled to the insurance proceeds to the extent of the debt, with the remainder given to the buyer. We reverse and hold the proper procedure is to apportion the proceeds according to the extent seller's security interest is impaired.

### FACTS

In May, 1968, Saul S. Kreshek, Elise Nina Kreshek, Henry Fox and Fay G. Fox (hereafter sellers) sold a piece of property located at 54th and Avalon in the City of Los Angeles to Jacob and Zvi Sperling (hereinafter buyers). Under the sales agreement, sellers took back an all inclusive promissory note and second trust deed in the sum of $400,000, as a part of the purchase price. The note terms provided for monthly payments at 8½ percent interest. One of the provisions of the deed of trust was as follows:

"A. To PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

". . . . . . . . . . . . . . . . . . . . . . . .

"(2) To provide, maintain and deliver to the Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to said notice."

On or about May 24, 1982, a fire occurred on the premises destroying 22,840 square feet of improvements. However, approximately 103,000 square feet were left unaffected by the fire. Buyers spent about $50,000 of their own money conducting repairs on the property, but were undecided about rebuilding the portion destroyed by fire. After the fire, the property including the destroyed portion was worth in excess of $2 million.

---

*Assigned by the Chairperson of the Judicial Council.

Buyers filed a claim with their insurance company which issued a check in the sum of $420,992.00. Sellers then sought declaratory relief[1] as to how those proceeds should be distributed under the terms of the deed of trust. At the time of the hearing, $319,375.60 was due to sellers under the terms of the note. Of this amount $130,908.74 was due to the holders of the first deed of trust. The trial court ruled that the first $319,375.60 would be given to the trust deed holders with the remainder given to buyers. The trial court refused to allow sellers attorneys fees. Sellers/appellants/cross-respondents have appealed the denial of attorneys fees. Buyers/cross-appellants/respondents have appealed from the judgment of the court.

A BENEFICIARY OF A DEED OF TRUST IS ONLY ENTITLED TO INSURANCE PROCEEDS TO THE EXTENT THE SECURITY INTEREST HAS BEEN IMPAIRED.

Although this case is one of first impression, the result appears to be preordained by the developing body of law in this state. (See, e.g., Miller, *Valuation of the Mortgagee's Interest Upon Partial Condemnation* (1982) 15 Loyola L.A. L.Rev. 227; Leipziger, *The Mortgagee's Remedies for Waste* (1976) 64 Cal.L.Rev. 1086.) ■ Recent cases take the position that the beneficiary of the deed of trust only has an interest in insurance proceeds or condemnation proceeds when his security is impaired. Even then, his interest extends only to the extent of the impairment. (See, e.g., *Schoolcraft* v. *Ross* (1978) 81 Cal.App.3d 75 [146 Cal.Rptr. 57]; *People ex rel. Dept. of Transportation* v. *Redwood Baseline, Ltd.* (1978) 84 Cal.App.3d 662 [149 Cal.Rptr. 11]; *Milstein* v. *Security Pac. Nat. Bank* (1972) 27 Cal.App.3d 482 [103 Cal.Rptr. 16].)

This philosophical change also exists in other associated areas. It has partially resulted from the court's imposing a covenant of good faith and fair dealing on both parties to a land sale contract. (See, e.g., *Schoolcraft* v. *Ross, supra,* 81 Cal.App.3d 75.) Thus, in cases involving "due on sale clauses," the Supreme Court has held that these may be enforced only when it is necessary to protect the lender's legitimate interests. (See, e.g., *Tucker* v. *Lassen Sav. & Loan Assn.* (1974) 12 Cal.3d 629 [116 Cal.Rptr. 633, 526 P.2d 1169]; *Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943 [148 Cal.Rptr. 379, 582 P.2d 970]; *Dawn Investment Co.* v. *Superior Court* (1982) 30 Cal.3d 695 [180 Cal.Rptr. 332, 639 P.2d 974]; see also, *Tan* v. *California Fed. Sav. & Loan Assn.* (1983) 140 Cal.App.3d 800 [189 Cal.Rptr. 775].)

[1]Sellers also joined the holders of the first deed of trust, a bank, and a corporation who was renting a portion of the property. Loraine Carol Inc., the holder of the first deed of trust, was originally a defendant but has also appealed the denial of attorney fees. Since Loraine Carol Inc. is advocating the identical point as sellers, this court will refer to Loraine Carol Inc. as one of the sellers.

The court in *Milstein* v. *Security Pac. Nat. Bank, supra,* 27 Cal.App.3d at page 487, pointed out: "The purpose of the note and deed of trust is that respondents shall have the use of the funds loaned on the terms and at the interest rate specified in the note, and that appellant shall have the security provided by the deed of trust. To carry out that purpose, the implied covenant of good faith and fair dealing requires that appellant beneficiary exercise its discretion with respect to the condemnation fund in such fashion that it distribute to respondent borrowers all proceeds in excess of those necessary to recoup any impairment in security caused by the eminent domain proceeding. Since the trial court concluded on substantial evidence that appellant's [seller's] security is not impaired, respondents [buyers] are entitled to all of the proceeds of the eminent domain action."

■ Here, all sellers could expect from the note terms was to receive the agreed upon interest rate for the note's duration. The trial court by its judgment allowed sellers to accelerate payment on this note even though there was no showing that sellers security interest had been impaired. In fact, only contrary evidence was presented on the issue, i.e., that the value of the land and buildings were worth in excess of $2 million and the amount of the remaining debt was about $320,000. This action, urged by sellers, violated the implied covenant of good faith and fair dealing, which requires that neither party impair the other's right to receive the benefits from the agreement. (See, e.g., *Brown* v. *Superior Court* (1949) 34 Cal.2d 559 [212 P.2d 878]; *Schoolcraft* v. *Ross, supra,* 81 Cal.App.3d 75.)

Sellers reliance on *Woody* v. *Lytton Savings & Loan Assn.* (1964) 229 Cal.App.2d 641 [40 Cal.Rptr. 560], is of no avail. That case did not involve the implied covenant of good faith and fair dealing. Sellers further contend that *Schoolcraft* v. *Ross, supra,* is distinguishable because there the buyer intended to rebuild whereas here, there is no showing of any such intent. Their argument misses the point. The whole purpose of the fire insurance policy under paragraph A (2) of the trust deed was to provide additional security for the deed of trust. To the extent the security was unimpaired, sellers had no right to keep the proceeds.

However, the trial court did not determine whether sellers' security interest was impaired. Thus, the case will be remanded for a hearing to determine the extent, if any, of impairment. ■ In making this determination, the trial court should bear in mind "the question whether the security of a deed has been impaired by a partial taking should be treated as a question of fact to be determined in light of the particular circumstances of each case after a consideration of all of the relevant factors." (*People* ex rel. *Dept. of Transportation* v. *Redwood Baseline, Ltd., supra,* 84 Cal.App.3d at p. 670.)

In light of this disposition, sellers' contention of entitlement to attorney's fees is moot. Buyers shall receive their costs on this appeal.

The judgment is reversed.

Kingsley, Acting P. J., and Arguelles, J., concurred.