**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATT MALEK MADISON, | No. 10-17484 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 5:07-cv-04211-RMW |
| v. | MEMORANDUM[*] |
| FONAR CORPORATION, a Delaware corporation, | |
| Defendant-counter-claimant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted January 17, 2012
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Fonar Corporation appeals the district court's judgment, following a bench

trial, against Fonar on its cross claims for breach of contract and breach of the

covenant of good faith and fair dealing, as well as the court's judgment in favor of

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Matt Malek Madison in the amount of $300,000 plus prejudgment interest. We affirm.

Fonar argues that the district court erred in concluding that Madison did not breach the contract because the contract, as contained in the Terms of Sale and the contents of Madison's cover letter of June 29, 2005, imposed on Madison the obligation to not only search for sites, but also to actually submit those sites to Fonar for approval. The court interpreted the contract to place no such requirement on Madison. We agree. Fonar does not dispute that the contract did not explicitly state that Madison was under an obligation to search for sites or that he was required to submit sites for approval. Rather, as the district court concluded, the contract allowed Madison to elect not to proceed if he did not find sites suitable to him or if Fonar did not approve sites that he proposed. In a reciprocal manner, the contract allowed Fonar to not proceed with the sale if it chose not to approve sites submitted by Madison, and the contract provided that Fonar would not commence production until an additional deposit was paid by Madison. Further, Madison's cover letter of June 29, 2005, emphasized the refundable nature of the deposit by discussing ongoing feasibility studies and including a provision for the payment of interest on the deposit. Fonar offers no reason to doubt the credibility findings of the district court with respect to the extrinsic evidence Fonar offered in support of

2

a more robust reading of the contract. The trial transcript similarly offers no basis for determining that the trial court's finding was clearly erroneous.

Fonar further argues that even if Madison did not breach the explicit terms of the contract, he violated California law by breaching the covenant of good faith and fair dealing by making no attempt, or at best a minimal attempt, to find a suitable location for the MRI machines. Under California contract law, "[i]n every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." *Schoolcraft v. Ross*, 146 Cal. Rptr. 57, 59 (Cal. Ct. App. 1978) (internal quotation marks omitted). However, "[t]he covenant . . . cannot be endowed with an existence independent of its contractual underpinnings. It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000) (internal citations and quotation marks omitted). We agree with the district court that the contract did not require that Madison engage in any particular type of search, nor did it require that Madison submit proposed sites to Fonar for approval. Within the context of this contract, the district court did not err in concluding that Madison met his obligations under the covenant of good faith and fair dealing. Further, Fonar has failed to show that the district

3

court committed clear error in determining that Madison made at least a minimal effort to find space for the MRI machines.

Finally, Fonar appeals the district court's judgment that Madison was entitled to a refund of the deposit. Fonar argues that, in order to qualify for the refund, the contract required Madison to make a reasonable attempt to find suitable sites, and if none were found to request a refund within twelve months. The district court held that the refund was not contingent on either one of these conditions, and we affirm. As the district court noted, the Terms of Sale contemplated an automatic trigger for a refund of the deposit: the lapse of a year without an approved site location for each system. Madison was not required to notify Fonar that the year had elapsed or the reason for not obtaining an approved site. Fonar also contends that Madison's letter of June 29, 2005, added a provision to the contract requiring Madison to request the deposit *before* the end of a twelve-month period. Contrary to this, the district court, in reading the contract in its entirety, found that the deposit refund was triggered automatically at twelve months, and Madison's letter did not alter this arrangement. Instead, Madison's letter provided for the payment of interest on the deposit, commencing on the day he requested the refund. We affirm the district court's judgment that Madison is entitled to an award of the

$300,000 deposit with prejudgment interest from the date of Fonar's breach, July 1, 2006.

**AFFIRMED.**