Filed 2/20/26  Pruis v. Edwards CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| BRANNON PRUIS et al., | |
| Cross-complainants and Appellants, | C102018 |
| v. | (Super. Ct. No. 21CV00365) |
| TYLER J. EDWARDS et al., | |
| Cross-defendants and Respondents. | |

Brannon and Jill Pruis[1] contracted with Tyler Edwards, Inc. (TEI) for the building of a house in Paradise, California.  About two years later, TEI sued Brannon, Jill, and Summit Funding, Inc., alleging a failure to pay the balance due.  Brannon and Jill filed an amended cross-complaint against TEI and also named Tyler Edwards and James Edwards as alleged alter egos of TEI.  After Brannon and Jill voluntarily dismissed their cross-

---

[1] Because some individuals share the same last name, we will refer to them by their first names for clarity.

1

complaint against Tyler and James, Tyler and James moved for an award of attorney's fees pursuant to Civil Code section 1717 and an attorney's fees clause in the construction contract. The trial court awarded Tyler and James attorney's fees.

Brannon and Jill now contend (1) Civil Code section 1717, subdivision (b)(2) precludes an award of attorney's fees incurred in defending against the breach of implied covenant of good faith and fair dealing cause of action; (2) Business and Professions Code section 7160 precludes an award of attorney's fees incurred for noncontract causes of action based on alleged misrepresentations; (3) Tyler and James cannot recover attorney's fees incurred for noncontract causes of action because they are not signatories to the construction contract; and (4) the trial court did not properly apportion the attorney's fees.

We conclude (1) Civil Code section 1717, subdivision (b)(2) precludes an attorney's fee award for the breach of implied covenant of good faith and fair dealing cause of action; (2) Business and Professions Code section 7160 precludes an attorney's fee award for the fraudulent inducement cause of action; (3) the trial court should not have awarded attorney's fees for the defense of noncontract causes of action based on the reciprocity principle of Civil Code section 1717, and Tyler and James are not entitled to attorney's fees incurred for those causes of action because they were not parties to the construction contract and have not identified a theory under which they could enforce the contract; and (4) in light of our conclusions, we need not consider whether the awarded amount of attorney's fees was proper.

We will reverse the trial court's order.

### BACKGROUND

Brannon and Jill entered into a written construction contract with TEI. The contract included terms governing compensation, payment, and default. It stated that TEI carried workers' compensation insurance for all employees, and each party had to comply with applicable laws and regulations. The contract also included an attorney's fee

2

provision which stated: "If any legal action or other proceeding is brought to enforce this agreement, or because of an alleged dispute, breach or misrepresentation in connection with any of the provisions of this agreement, the successful or prevailing party or parties shall be entitled to recover their reasonable attorney's fees, and other costs incurred in that action or proceeding, in addition to any other relief to which they may be entitled."

TEI filed a complaint against Brannon, Jill, and Summit Funding, Inc., alleging a failure to pay the balance due and asserting causes of action for breach of contract and foreclosure of a mechanic's lien. According to Tyler and James, TEI subsequently dismissed its complaint and declared bankruptcy. Meanwhile, Brannon and Jill filed an amended cross-complaint against TEI, Tyler, and James. The amended cross-complaint alleged that Tyler and James were alter egos of TEI, and it asserted causes of action for breach of contract, breach of an implied covenant of good faith and fair dealing, disgorgement, fraudulent inducement to enter a contract, and unjust enrichment. Prior to trial, however, Brannon and Jill dismissed their amended cross-complaint against Tyler and James without prejudice.

Tyler and James then moved for an award of $164,616.25 in attorney's fees pursuant to Civil Code section 1717 and the attorney's fees clause in the construction contract. In its ruling on the motion, the trial court noted that under Civil Code section 1717, when a party is dismissed, there shall be no prevailing party for the purposes of that section. The trial court ruled, however, that because Civil Code section 1717 was not the only basis upon which Tyler and James sought attorney's fees, that section did not prevent such an award where Tyler and James were otherwise the prevailing parties on the amended cross-complaint. The trial court ruled that the reciprocity principle of Civil Code section 1717 supported its conclusion.

According to the trial court, an award of attorney's fees was appropriate because Tyler and James had to defend against the causes of action as alleged alter egos of TEI,

3

but Tyler and James were absolved of liability when Brannon and Jill failed to prove their alter-ego allegations. The trial court awarded attorney's fees as follows:

| | |
|---|---|
| Attorney's fees requested | $164,616.25 |
| Reduction (pre-participation in action) | <$11,551.75> |
| Reduction (hourly rate) | <17,437.73> |
| Sub-Total | $135,626.77 |
| Apportionment of 20% (re: breach of contract) | <$27,125.35> |
| Total Awarded | $108,501.40 |

## STANDARD OF REVIEW

We review de novo whether an award of attorney's fees satisfied the criteria for such an award. (*American Building Innovation LP v. Balfour Beatty Construction, LLC* (2024) 104 Cal.App.5th 954, 966; *Reyes v. Beneficial State Bank* (2022) 76 Cal.App.5th 596, 604-605 (*Reyes*); *Hom v. Petrou* (2021) 67 Cal.App.5th 459, 466.) De novo review also applies where, as here, extrinsic evidence was not offered to interpret the contract and the facts are not in dispute. (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 (*Carver*).)

## DISCUSSION

### I

Brannon and Jill contend Civil Code section 1717, subdivision (b)(2) precludes an award of attorney's fees incurred in defending against a cause of action for breach of an implied covenant of good faith and fair dealing.

Code of Civil Procedure section 1032 governs the award of costs. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 (*Santisas*).) Subdivision (b) provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032.) Attorney's fees are recoverable costs under Code of Civil Procedure section 1032 when the party entitled to costs has a legal basis, independent of Code of Civil Procedure sections 1032 and

4

1033.5, to recover attorney's fees under a contract, statute, or other law.  (Code Civ. Proc., § 1033.5, subd. (a)(10); *Santisas*, at p. 606.)

Tyler and James moved for attorney's fees under Civil Code section 1717.  That section states:  "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the  party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Civ. Code, § 1717, subd. (a).)  Where an action has been voluntarily dismissed, however, there is no prevailing party under Civil Code section 1717.  (Civ. Code, § 1717, subd. (b)(2); *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 707-708 (*Exxess Electronixx*).)

The California Supreme Court has held that in cases involving a pretrial voluntary dismissal, Civil Code section 1717, subdivision (b)(2) precludes recovery of attorney's fees incurred in defending against causes of action "on a contract."  (*Santisas, supra*, 17 Cal.4th at pp. 602, 615-617, 619.)  But the bar in Civil Code section 1717, subdivision (b)(2) does not apply to tort and other noncontract causes of action. (*Santisas,* at p. 619; *Exxess Electronixx, supra*, 64 Cal.App.4th at p. 708.)

Brannon and Jill argue that the cause of action for breach of an implied covenant of good faith and fair dealing was "on a contract" and thus barred by Civil Code section 1717, subdivision (b)(2).  Courts liberally construe the phrase "on a contract" in Civil Code section 1717 to include not only a breach of contract cause of action but also causes of action that seek to define, interpret, or enforce the rights or duties under a contract.  (*Westwood Homes, Inc. v. AGCPII Villa Salerno Member, LLC* (2021) 65 Cal.App.5th 922, 927 (*Westwood Homes, Inc.*); *Khan v. Shim* (2016) 7 Cal.App.5th 49, 57, fn. 6.)  In comparison, a tort cause of action is premised on a duty imposed without regard to the terms of a contract.  (*Gil v. Mansano* (2004) 121 Cal.App.4th 739, 743;

5

*Exxess Electronixx, supra*, 64 Cal.App.4th at p. 711.)  To determine whether an action is on a contract within the meaning of Civil Code section 1717, we examine the amended cross-complaint to determine the nature and bases for the causes of action alleged, not the nature of the remedies sought.  (*Reyes, supra*, 76 Cal.App.5th at p. 618; *Hjelm v. Prometheus Real Estate Group, Inc.* (2016) 3 Cal.App.5th 1155, 1174.)

The causes of action for breach of contract and breach of an implied covenant were premised on the same conduct.  Both causes of action were based on an alleged demand by Tyler and James for compensation beyond what was authorized in the construction contract, and an alleged failure to maintain workers' compensation insurance as allegedly required in the contract.  The implied covenant cause of action alleged that the duty of Tyler and James to act in good faith arose from the construction contract.

Moreover, the essence of an implied covenant is that "neither party to a contract will do anything to injure the right of the other to receive the benefits of the contract." (*Cates Construction, Inc. v. Talbot Partners* (1999) 21 Cal.4th 28, 43.)  An implied covenant is essentially an implied contract term that aims to effectuate the parties' intent, and compensation for its breach is limited to contract remedies, except in cases involving insurance policies.  (*Id.* at p. 46 & fn. 9; *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 683-684; *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1399, fn. 25 (*Careau & Co.*).)

Tyler and James have not established that the implied covenant cause of action was based on an insurer-insured type of relationship or that it was based on the violation of a duty independent of the construction contract and arising from principles of tort law. (See *Careau & Co., supra*, 222 Cal.App.3d at pp. 1395-1399 [the recognition of a tort remedy for breach of an implied covenant in a noninsurance contract has little authoritative support].)  Based on the allegations in the amended cross-complaint, we conclude the implied covenant cause of action sounds in contract and is barred by Civil Code section 1717, subdivision (b)(2).  (*Reyes, supra*, 76 Cal.App.5th at p. 619; see

6

*Schoolcraft v. Ross* (1978) 81 Cal.App.3d 75, 79-82.) Tyler and James may not recover attorney's fees incurred in defending against the causes of action for breach of contract or breach of an implied covenant of good faith and fair dealing.

II

Brannon and Jill next argue that Business and Professions Code section 7160 precludes the award of attorney's fees incurred for noncontract causes of action based on alleged misrepresentations. Although they did not raise this claim in the trial court, we exercise our discretion to consider it because it raises a question of law based on undisputed facts. (*Suarez v. City of Corona* (2014) 229 Cal.App.4th 325, 333.)

Code of Civil Procedure sections 1032, subdivision (b), and 1033.5, subdivision (a)(10), authorize an award of costs to the prevailing party, including attorney's fees allowed under a contract, "[e]xcept as otherwise expressly provided by statute." (Code Civ. Proc., § 1032, subd. (b).) Code of Civil Procedure section 1021 contains a similar limitation. It states: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement . . . of the parties . . . ."

Business and Professions Code section 7160 is an exception to the general cost recovery statutes. It permits a prevailing plaintiff to recover reasonable attorney's fees if the plaintiff was induced to contract for home improvement " ' "in reliance on false or fraudulent representations or false statements knowingly made." ' "[2] (*Moore v. Teed* (2020) 48 Cal.App.5th 280, 295 (*Moore*).)

_____

[2] A "home improvement contract" includes an agreement between a contractor and an owner for the performance of work, including repairing, remodeling, altering, reconstructing or rebuilding a residence. (Bus. & Prof. Code, §§ 7151, subd. (a), 7151.2.) TEI's form contract refers to the construction of a new home and does not mention rebuilding a home destroyed by fire. However, the contract was entered into in 2019, about two months after the Camp Fire, for a property located in Paradise, California. The appellants' opening brief states that the contract was to rebuild Brannon and Jill's home,

7

Unilateral fee-shifting statutes like Business and Professions Code section 7160 have been held to override general cost recovery statutes. In *Carver*, the appellate court examined whether a prevailing defendant could recover attorney's fees incurred in the defense of claims under the Cartwright Act (Bus. & Prof. Code, § 16700 et seq.). (*Carver, supra*, 97 Cal.App.4th at pp. 136, 142-143.) The defendant in that case had obtained an attorney's fee award based on an attorney's fee clause in a contract. (*Id.* at p. 136) The appellate court discussed Code of Civil Procedure sections 1021, 1032, and 1033.5, Civil Code section 1717, and Business and Professions Code section 16750, a unilateral fee-shifting provision of the Cartwright Act. The court held that because Business and Professions Code section 16750 limited an award of attorney's fees to prevailing plaintiffs, the defendant could not recover attorney's fees based on contract or general cost recovery statutes. (*Carver,* at pp. 143-148.)

In a subsequent opinion, the appellate court explained that unilateral fee-shifting provisions are adopted to advance a public purpose, and in that case, the purpose was to encourage injured parties to enforce the Cartwright Act. (*Carver v. Chevron U.S.A., Inc.* (2004) 119 Cal.App.4th 498, 503-504.) The court reasoned that to allow the defendant to recover attorney's fees "would superimpose a judicially declared principle of reciprocity on the statute's fee provision" that would frustrate the legislative intent. (*Id.* at p. 504.)

Other courts have also recognized that statutes which limit attorney's fees to prevailing plaintiffs reflect a legislative determination that prevailing defendants should not recover attorney's fees in cases governed by those statutes. (*Turner v. Association of American Medical Colleges* (2011) 193 Cal.App.4th 1047, 1060-1061; *Earley v. Superior Court* (2000) 79 Cal.App.4th 1420, 1429.) And courts have held that unilateral fee-shifting statutes control over conflicting contracts or statutes where an attorney's fee

---

which had been destroyed in the 2018 Camp Fire. The respondents' brief does not dispute that fact, and Tyler and James do not argue that Business and Professions Code section 7160 is inapplicable because the contract was not a home improvement contract.

award would frustrate a legislative expression of public policy.  (*Martinez v. SAI Long Beach B, Inc.* (2025) 108 Cal.App.5th 367, 375-379; *Dane-Elec Corp., USA v. Bodokh* (2019) 35 Cal.App.5th 761, 771-776; *Ling v. P.F. Chang's China Bistro, Inc.* (2016) 245 Cal.App.4th 1242, 1247, 1253-1256, disapproved on another ground in *Naranjo v. Spectrum Security Services, Inc.* (2022) 13 Cal.5th 93, 117; *Turner,* at pp. 1054, 1059-1062, 1071, 1073; *Wood v. Santa Monica Escrow Co.* (2007) 151 Cal.App.4th 1186, 1188-1191.)

Brannon and Jill's fraudulent inducement cause of action alleged they were induced to enter the construction contract in reliance on false statements knowingly made by Tyler.  The cause of action falls within Business and Professions Code section 7160, which is part of the Contractors' State License Law (Bus. & Prof. Code, § 7000 et seq.), a comprehensive legislative scheme governing contractors (*E.J. Franks Construction, Inc. v. Sahota* (2014) 226 Cal.App.4th 1123, 1128).  The Contractors' State License Law protects consumers from incompetent or dishonest contractors, prevents contractor fraud, and prohibits violating contractors from recovering compensation.  (*Hydrotech Systems, Ltd. v. Oasis Waterpark* (1991) 52 Cal.3d 988, 995; *Moore, supra*, 48 Cal.App.5th at p. 296; *E.J. Franks Construction, Inc.,* at p. 1128; *Handyman Connection of Sacramento, Inc. v. Sands* (2004) 123 Cal.App.4th 867, 882.)  We construe any ambiguity in the relevant law to effectuate the Legislature's intent to protect the public.  (*Handyman Connection of Sacramento, Inc.*, at p. 882.)

Business and Professions Code section 7160 precludes Tyler and James from obtaining attorney's fees on the fraudulent inducement cause of action because the section only authorizes an award to prevailing plaintiffs.  (Bus. & Prof. Code, § 7160.)  An attorney's fee award to Tyler and James based on their defense against the fraudulent inducement cause of action would frustrate the purpose of Business and Professions Code

section 7160. Accordingly, we will reverse the trial court's order awarding attorney's fees for the fraudulent inducement cause of action.[3]

We reject Brannon and Jill's contention that the causes of action for breach of an implied covenant of good faith and fair dealing, disgorgement, and unjust enrichment were based on alleged fraudulent representations. The allegations of the cross-complaint do not support that assertion.

III

Brannon and Jill further contend that Tyler and James cannot recover attorney's fees incurred in defending against noncontract causes of action because they are not signatories to the construction contract.

In *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, the California Supreme Court held that in circumstances in which a plaintiff sues a non-signatory defendant under an alter ego theory, and the plaintiff would be entitled to attorney's fees if the plaintiff had prevailed in enforcing the contract, Civil Code section 1717 provides a reciprocal remedy for a prevailing non-signatory defendant. (*Reynolds Metals Co.,* at pp. 128-129.) Cases have only applied this reciprocity principle to contract claims. (*Westwood Homes, Inc., supra*, 65 Cal.App.5th at pp. 926-927, 930-931; *347 Group, Inc. v. Hawkins* (2020) 58 Cal.App.5th 209, 211, 213-215; *MSY Trading Inc. v. Saleen Automotive, Inc.* (2020) 51 Cal.App.5th 395, 403; *Burkhalter Kessler Clement & George LLP v. Hamilton* (2018) 19 Cal.App.5th 38, 46; *Pueblo Radiology Medical Group, Inc. v. Gerlach* (2008) 163 Cal.App.4th 826, 829.) This is because Civil Code section 1717 only applies to causes of action on a contract. (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 815, 820, 827-828.) Here, the reciprocity principle articulated in *Reynolds Metals*

---

[3] As we explain in part III, there are additional reasons why the trial court should not have awarded attorney's fees incurred in the defense of the fraudulent inducement cause of action.

10

does not apply to the noncontract causes of action for disgorgement, fraudulent inducement, and unjust enrichment.

As pleaded, and as Tyler and James acknowledge, the disgorgement cause of action was based on an alleged statutory violation, not on a contract. The amended cross-complaint alleged that TEI, Tyler and James violated Business and Professions Code section 7031, entitling Brannon and Jill to disgorgement of all sums paid.

Tyler and James also acknowledge that the fraudulent inducement cause of action is not based on a contract. That cause of action does not seek to enforce the terms of a contract or to declare rights or obligations under a contract. (*Reyes, supra*, 76 Cal.App.5th at p. 620; *Exxess Electronixx, supra*, 64 Cal.App.4th at pp. 711, 713; see generally *Stout v. Turney* (1978) 22 Cal.3d 718, 730 ["A tort action for fraud arising out of a contract is not . . . an action 'on a contract' within the meaning of [Civil Code section 1717]."].)

In addition, we agree with the parties that the unjust enrichment cause of action is not based on a contract. (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1370; *Hernandez v. Lopez* (2009) 180 Cal.App.4th 932, 938; *Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 346; see generally *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 231.)

Citing the reciprocity principle of Civil Code section 1717, the trial court found that Tyler and James were the prevailing parties. The attorney's fees award included fees for the noncontract causes of action. The trial court should not have awarded Tyler and James attorney's fees for the noncontract causes of action based on reciprocity, because Civil Code section 1717 is limited to causes of action based on a contract.

Furthermore, Tyler and James were not parties to the contract containing the attorney's fee provision. Although it appears Tyler signed the construction contract for TEI, he is not a party to that contract. Because they are not parties to the construction contract and have not established a theory under which they could enforce the contract,

11

Tyler and James are not entitled to an attorney's fee award under the attorney's fee provision of the contract for the noncontract causes of action. (*Topanga and Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775, 786; *Super 7 Motel Associates v. Wang* (1993) 16 Cal.App.4th 541, 545-547.)

## IV

Brannon and Jill next contend the trial court did not properly apportion attorney's fees. Given our conclusions on their other contentions, however, we need not consider whether the awarded amount of attorney's fees was proper.

## DISPOSITION

The trial court's order awarding attorney's fees is reversed.

 

 

                                  _____/S/_____
                                  MAURO, J.

 

 

We concur:

 

 

_____/S/_____
HULL, Acting P. J.

 

 

_____/S/_____
MESIWALA, J.